1  RODGER R. COLE (CSB No. 178865)
   rcole@fenwick.com
2  C. J. ALICE CHEN (CSB No. 228556)
   achen@fenwick.com
3  FENWICK & WEST LLP
   Silicon Valley Center, 801 California Street
4  Mountain View, CA  94041
   Telephone: (650) 988-8500
5  Facsimile:  (650) 938-5200

6  Attorneys for Plaintiffs and Counterclaim Defendants
   ADVANTE INTERNATIONAL CORP. DBA
7  VANTEUS ACADEMY, YIBIN VICKIE ZHANG
   and SHIN WEI
8
   JAMES J. LI (CSB No. 202855)
9  jli@mwe.com
   ARTURO E. SANDOVAL (CSB No. 227077)
10 asandoval@mwe.com
   McDERMOTT WILL & EMERY LLP
11 3150 Porter Drive
   Palo Alto, CA 94304-1212
12 Telephone: 650-813-5000
   Facsimile:  650-813-5100
13
   Attorneys for Defendants and Counterclaimant
14 MINTEL LEARNING TECHNOLOGY, INC. and
   NINGYUAN WAYNE YANG

FILED
JUN 3 0 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANTE INTERNATIONAL CORP. dba VANTEUS ACADEMY, an Illinois Corporation, and YIBIN VICKIE ZHANG, an individual,<br><br>  Plaintiffs,<br><br>v.<br><br>MINTEL LEARNING TECHNOLOGY, INC., a California Corporation, and NINGYUAN WAYNE YANG, an individual,<br><br>  Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C 05-01022 JW<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26, in order to protect the confidentiality of, and the rights to, information and documents developed and disclosed in connection with this litigation, and to facilitate discovery by and among the parties to this action and from third parties, Plaintiffs Advante International Corp. doing business as Vanteus Academy ("Advante") and Yibin Vickie Zhang ("Zhang"), Defendants Mintel Learning Technology, Inc. ("Mintel") and Ningyuan Wayne Yang ("Yang"), and Third-Party Defendant Shin Wei ("Wei") have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of trade secrets, private or other confidential research, development, or commercial information that may be produced or otherwise disclosed by them during the course of this action.

Upon consideration of the record and proceedings herein and the stipulation of the parties:

IT IS HEREBY STIPULATED THAT;

1. This Order shall be applicable to and govern without limitation, all information, things or documents (or portions thereof) produced in response to discovery requests, subpoenas, answer to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, stipulations, responses to requests for admissions and all other discovery taken, testimony adduced at trial, matters in evidence before this Court and other information a party, or non-party responding to a subpoena, reasonably and in good faith believes to contain trade secrets or other confidential, proprietary, technical or commercial information that any real or third party disclosing the information ("Designating Party") designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" (collectively referred to herein as "Confidential Material") which is thereafter furnished, filed or served directly or indirectly, by or on behalf of that party in connection with this proceeding. The treatment of all Confidential Material shall be governed by the terms of this Order.

2.  The term "CONFIDENTIAL" shall refer to a party's confidential and non-public information, the disclosure of which the Designating Party contends could cause harm to the business operations of the Designating Party or provide improper advantage to others, and that is not otherwise marked or designated by the Designating Party as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." The term "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall apply only to a party's highly confidential and proprietary business, commercial, competitive, financial, marketing, sales and technical information that the Designating Party reasonably and in good faith believes is so highly sensitive that its disclosure to an employee of a Discovering Party would reveal significant business, commercial, competitive, financial, marketing, sales or technical advantages of the Designating Party, including, but not limited to: (1) current business/strategic plans; (2) sales, cost and price information including future sales/financial projections; (3) non-public marketing information including future marketing plans; (4) detailed sales and financial data that includes costs and profits information; (5) customer lists; (6) licensing, licensing policies, and licensing negotiations; (7) non-public source code, specifications, schematics and other documents used in connection with generating such source code, and other non-public technical specifications, schematics and documents showing the Designating Party's product functionality, features, and operation; (8) other information of business, commercial, competitive, financial, marketing, sales and technical significance comparable to the items listed in this paragraph, and any other trade secrets as defined under California Civil Code § 3426.1(d) and applicable case law.

3.  The scope of this Order shall be understood to encompass not only those items or things that are expressly designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," but also any information derived therefrom and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.  Confidential Material shall not include any material that:

   a.  Has been or becomes lawfully in the possession of the party receiving the same Confidential Material ("Receiving Party") through communications other than production or disclosure in this action; or

b. Has been or becomes part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party.

4. Confidential Material shall be designated and marked as follows:

a. *Documents*: Documents (including but not limited to discovery responses and court filings), and any information contained therein, may be designated as Confidential Material by placing the following legend, or equivalent thereof, on any such document prior to production, service or filing: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Such legend shall be placed upon the first page of each document containing Confidential Material and upon each page within such document considered to contain Confidential Material.

b. *Magnetic Media Documents*: Where a document is produced in a magnetic media (such as floppy diskette or tape), the cartridge, reel, or medium container shall be marked with the appropriate confidentiality notice as described in ¶ 2 above. To the extent that any information contained on such media is printed, such printouts will be marked as described above.

c. *Physical Exhibits*: The confidential status of a physical exhibit shall be indicated by stamping or placing a label on said physical exhibit designating it either a "CONFIDENTIAL MATERIAL OF [Designating Party(s)]" or "HIGHLY CONFIDENTIAL MATERIAL OF [Designating Party(s)], OUTSIDE COUNSEL EYES ONLY."

d. *Partial Designations*: In the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate legend shall be placed on the answer or response and such answers or responses shall be separately produced.

e. *Deposition Proceedings*: Designation of specific portions of deposition transcripts (including specific exhibits) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall be made by a statement to such effect on the record in the course of the deposition or by subsequent written notification to all parties. Upon designation of the transcript on the record, during the deposition, the portion of the deposition containing Confidential Material shall continue in the absence of all persons to whom access to

said Confidential Material has been denied under the terms of this Order. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain confidential information and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the Court, and to counsel for the parties bound by the terms of this Order. In the case of testimony designated Confidential following conclusion of the deposition, all parties shall mark the appropriate legend on their copy(ies) of the deposition transcript and treat the information as confidential from the date they are notified of such designation, if the reporter does not do so.

5.   All designations of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall be made in good faith by the Designating Party and made at the time of disclosure, production or tender to the Receiving Party, or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of a claim to such designation, and a party may so designate material thereafter subject to the protections of this Protective Order.

6.   Confidential Material maybe disclosed only as follows:

   a.   Materials designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" may be disclosed only to the following persons:

      i.   Outside counsel of record to any party to this litigation, and all legal assistants, stenographic and clerical employees working under the supervision of such counsel;

      ii.  The parties' independent expert(s) or consultant(s), but only to the extent that the procedure set forth in 6.c., below, is followed;

      iii. Any person of whom testimony is taken, where such person was the author or specified recipient of the designated material or is the present employee or expert witness for the Designating Party, or where counsel for the Designating Party has, either before or during the deposition, approved the disclosure of such materials to that person, except that such person may not retain any such materials except as may be necessary as an exhibit to a deposition; and

      iv.  The court in this proceeding, in accordance with Local Rule 79-5

1 and Paragraph 13 herein.

    b. Materials designated "CONFIDENTIAL" may be revealed to the persons designated in paragraph 6.a., above, as well as to:

      i. Any named party to the litigation, including any present or former employee thereof to whom it is necessary that the designated material be shown for purposes of the litigation;

      ii. Independent consultants and expert witnesses retained by or for the parties and their counsel, including technical consultants and accounting or financial experts;

      iii. Vendors retained by or for the parties for preparing audiovisual aids, *e.g.*, exhibits, models, graphics and videotapes for use in the court room, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation;

      iv. Outside document copying services, and/or document coding or computerization services; and

      v. Any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld.

    c. Prior to the disclosure of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" material to an independent expert or consultant, the disclosing party must follow the following procedure: (i) The expert must sign an acknowledgment in the form attached as Exhibit A; (ii) the party seeking to disclose the Confidential Material must give notice of the identity (including name, address, current resume, and professional affiliation) of such expert or consultant to the Designating Party at least five (5) business days in advance of the proposed disclosure; (iii) the Designating Party shall have five (5) business days to object in writing to such disclosure; and (iv) if the Designating Party objects in writing to such disclosure, no disclosure shall be made in the absence of a court order or agreement of the parties. In any event, Confidential Material shall be disclosed to an expert or consultant <u>only</u> to the extent necessary for the expert or consultant to perform his or her work in

connection with the litigation.

7. Where the consent of a party is required for disclosure under this Order, and that consent has been refused, the party refusing to consent will ensure that it has made a good faith attempt to reach an agreement, including redacting or otherwise limiting the disclosure wherever possible.

8. All persons to whom Confidential Material is to be made available, except for personnel of the Court and counsel of record for the parties, shall be provided with a copy of this Order and shall first acknowledge in writing that they have reviewed the terms of this Order by executing the ACKNOWLEDGMENT annexed hereto as Exhibit A. Such signed ACKNOWLEDGMENTS shall be retained by counsel for the parties hereto and shall be available for inspection by the Court upon request. Similar acknowledgments shall be obtained and maintained with respect to "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" materials provided by third parties. The Receiving Party shall not use or disclose such materials, or information contained therein, to any person, except in conformance with this Order.

9. Each individual who receives any materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" hereby agrees to be subject to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

10. Any person in possession of any materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" under the terms of this Order shall maintain such information and materials in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information.

11. Confidential Material and the substance or contents thereof, including any notes, memoranda or other similar documents relating thereto, shall not be made available to any person except as authorized under this Order. Confidential Material shall not be used for any purposes other than in the prosecution or defense of claims asserted in this action. In no event shall any

Receiving Party use Confidential Material for commercial or competitive purposes or make any public disclosure of the contents thereof. However, nothing contained in this Order shall affect the right of the Designating Party to disclose information designated solely by it under this Order.

12. Protests of the designation of Confidential Material will occur only as follows:

   a. If a party believes that material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is not the proper subject for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Order, then such party shall provide to the Designating Party written notice of this disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis.

   b. If the parties are unable to resolve their dispute, then the party challenging the designation may request appropriate relief from the Court. It shall be the burden of the Designating Party to establish that the contested material is to be treated according to its designation herein. In any event, unless and until a Court ruling is obtained changing a designation, or the parties agree otherwise, the material involved shall be treated according to its designation.

13. Submission of Confidential Material to the Court shall only be as follows:

   a. A party who lodges or files any paper, pleading or exhibit containing, discussing, describing or constituting Confidential Material, or any documents or papers filed in opposition or reply to any sealed motion or document that discusses, describes or quotes any portion of the contents of such Confidential Material, shall be submitted to the Court in compliance with Local Rule 79-5 and Judge Ware's Standing Orders.

   b. Nothing herein shall prevent the use of Confidential Material at a hearing or at trial, nor shall it prevent any party from objecting to such use. A Party shall designate information disclosed at a hearing or at trial as Confidential Material by requesting the Court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

14. Adherence to this Order in no way constitutes an admission by any party that any information provided in this litigation and not subject to this Order is not proprietary or confidential.

15. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections.

16. Within thirty (30) days after termination of this litigation and the expiration of time for all appeals, all originals and copies of Confidential Material shall be returned to counsel for the respective persons or entities that produced such Confidential Material, except that counsel for each party may, if it wishes to do so, maintain a single set of all pleadings and documents for its own purposes for a reasonable period of time. All extracts from Confidential Material, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein, shall be destroyed by each recipient of the material, and a certificate of their destruction shall be provided to the Designating Party. The termination of proceedings in this action shall *not* thereafter relieve the parties from the obligation to maintain the confidentiality of all Confidential Material received pursuant to this Order.

17. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that party may deem appropriate, including but not limited to restrictions on public disclosure or disclosure to competitors.

18. The terms of this Order shall apply to confidential documents or material produced or disclosed by third parties in connection with this action if such third party wishes to designate the document or information as Confidential Material.

19. Each party reserves the right to apply to the Court to modify the terms of this Order in the event that the party believes that it is necessary. In the event such an application is made, all persons described herein shall be bound by this Order until it is modified by the Court.

20. Inadvertent (*i.e.*, unintentional) production of documents (including physical

objects) subject to work product immunity, the attorney-client privilege, the right of privacy, or any other applicable privilege, shall not constitute a waiver of the immunity or privilege, provided that the Designating Party shall notify the Receiving Party in writing of such inadvertent production promptly after the Designating Party discovers such inadvertent production. After notification is made, the Receiving Party shall immediately return to the Designating Party all copies of such inadvertently produced documents and shall immediately confirm in writing that all electronic copies have been deleted or destroyed. Nothing herein shall prevent the Receiving Party from challenging the propriety of the privilege or immunity designation by promptly filing an appropriate motion with the Court, but the Receiving Party shall not challenge the propriety of the privilege or immunity designation on the grounds that the privilege or immunity was waived by production of the document. If no such challenge is brought, or if any such challenge is unsuccessful, no use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy such documents. Furthermore, if no such challenge is brought, or if any such challenge is unsuccessful, the Receiving Party shall promptly confirm in writing that any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information have been deleted and/or destroyed.

21. If any party or non-party, having received "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" material, receives a subpoena or other compulsory process from any other person or entity seeking the production of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" material produced by the Designating Party, counsel for the Designating Party shall be notified immediately in writing of the receipt of such subpoena or other compulsory process and immediately shall be given copies of such subpoena or other compulsory process. Absent the consent of the Designating Party, the party or person receiving such subpoena or compulsory process shall refrain from producing the subpoenaed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" material for a period of thirty (30) days, in order to give the Designating Party the opportunity to take the necessary steps to prevent

disclosure in the proceeding from which the process issued.

22. If Confidential Material is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and make every reasonable effort to retrieve such Confidential Material and to prevent further disclosure.

23. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

Respectfully submitted,

Dated: June 29, 2005

FENWICK & WEST LLP

By: ___/s/_____
Rodger R. Cole

Attorneys for Plaintiffs and Counterclaim Defendants
ADVANTE INTERNATIONAL CORP. dba
VANTEUS ACADEMY, YIBIN VICKIE ZHANG and
SHIN WEI

Dated: June ___, 2005

McDERMOTT WILL & EMERY LLP

By: _____
Arturo E. Sandoval

Attorneys for Defendants and Counterclaimants
MINTEL LEARNING TECHNOLOGY, INC. and
NINGYUAN WAYNE YANG

**IT IS SO ORDERED.**

Dated: June 30, 2005

By: _____
Hon. James Ware
United States District Judge

Richard Seeborg
U.S. Magistrate Judge

| STIPULATED PROTECTIVE ORDER | 11 | CASE NO. C 05-01022 JW |

1  disclosure in the proceeding from which the process issued.

2  22.  If Confidential Material is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and make every reasonable effort to retrieve such Confidential Material and to prevent further disclosure.

23.  Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

Respectfully submitted,

Dated: June ___, 2005          FENWICK & WEST LLP

By: _____
    Rodger R. Cole

Attorneys for Plaintiffs and Counterclaim Defendants
ADVANTE INTERNATIONAL CORP. dba
VANTEUS ACADEMY, YIBIN VICKIE ZHANG and
SHIN WEI

Dated: June 2 7, 2005          McDERMOTT WILL & EMERY LLP

By: _____
    Arturo E. Sandoval

Attorneys for Defendants and Counterclaimants
MINTEL LEARNING TECHNOLOGY, INC. and
NINGYUAN WAYNE YANG

**IT IS SO ORDERED.**

Dated: June ___, 2005

By: _____
    Hon. James Ware
    United States District Judge

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**EXHIBIT A**

**ACKNOWLEDGEMENT
OF UNDERTAKING RE PROTECTIVE ORDER**

**UNDERTAKING OF ________________________________**

I, _________________________________do solemnly swear as follows:

1. My address is __________________________________________.

2. My present occupation is _________________________________.

3. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

4. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action, any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" that I receive in this action, except to the extent that such materials are or become public information in accordance with the Protective Order.

5. I agree I will not copy, reproduce, or otherwise duplicate any information designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," except as provided in this Protective Order, and as may be necessary for the work I do in conjunction with this lawsuit.

6. I hereby submit to the jurisdiction of the United States District Court, Northern District of California, for the purpose of enforcement of this Protective Order.

Executed this _________ day of ____________, 2005, at ________________________.

_______________________________________