United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**\*E-FILED 10/4/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ADVANTE INTERNATIONAL
CORPORATION, ET AL.,

    Plaintiffs,

  v.

MINTEL LEARNING TECHNOLOGY,
INC.,

    Defendants.

_____/

NO. 5:05-cv-1022 JW (RS)

**ORDER GRANTING
PLAINTIFF'S MOTION TO
COMPEL**

## I.  INTRODUCTION

Plaintiff/counterdefendant Advante International Corporation ("Advante") moves to compel further interrogatory responses from defendant/counterclaimant Mintel Learning Technology, Inc. ("Mintel"). Specifically, Advante contends that Mintel's response to Interrogatory Nos. 1, 3, 8, 12 and 13 are insufficient.  Mintel counters that it has sufficiently responded in good faith, and that Advante has not properly met and conferred regarding its responses.  The motion was fully briefed and heard by the Court on September 28, 2005.  For the reasons set forth below, Advante's motion to compel is granted.

## II.  BACKGROUND

This motion arises out of a complaint filed by Advante against Mintel and Mintel's co-founder, Wayne Yang ("Yang"), for declaratory relief, trade libel and defamation, as well as from counterclaims filed

**United States District Court**

For the Northern District of California

by Mintel against Advante and Yibin Vickie Zhang ("Zhang").   Advante alleges that Mintel's officers and directors have made false claims to Advante's customers, potential customers, investors and Mintel's shareholders that Advante has infringed Mintel's copyrights, stole Mintel's trade secrets and used a pirated copy of its source code to develop a competing product.   Mintel filed a counterclaim against Advante, Advante's founder Shin Wei ("Wei") and his wife, Zhang, for breach of contract, fraud, breach of fiduciary duty, misappropriation of trade secrets, copyright infringement, unjust enrichment, civil conspiracy and unfair competition.  The parties have stipulated to an order for the protection of confidential commercial information and trade secrets that may be produced or disclosed by them during this action.

Advante and Mintel compete in the market for web-based education software programs for students learning English as a second language.  In 2002, before Advante began marketing its web-based learning software, counterclaim defendant Zhang, who is married to Advante's founder, allegedly entered into a confidentiality agreement with Mintel and began to market Mintel's services.  Subsequently, Zhang became a consultant to Mintel, and in April 2004, she and Advante became Mintel's sales agent.  Mintel alleges that sometime after the summer of 2004, it became aware that Advante had started to market its own web-based education software that was nearly identical to Mintel's software, and that Advante was soliciting Mintel's distributors.  Mintel also alleges that Advante's website is substantially similar to Mintel's website.  Mintel contends that Advante and Zhang conspired with James Jian Liu ("Liu"), who was Mintel's CEO at the time, to use Mintel's source code to offer a competing product on behalf of Advante.

On June 10, 2005, Advante served its first set of interrogatories on Mintel.  On July 11, Mintel provided its answers to the interrogatories, of which numbers 1, 3, 8, 12 and 13 are at issue. On July 29, 2005, counsel for Advante and for Mintel held a one hour telephonic meet and confer session to discuss Interrogatory No. 1, but were unable to reach an agreement.  On August 22, 2005, Advante's counsel requested that Mintel supplement its responses to Interrogatory Nos. 3, 8, 12 and 13.  Mintel offered to supplement its responses with facts alleged in the counterclaim, which it noted were inadvertently omitted from its interrogatory answers.  On August 26, 2005, Mintel provided Advante with the entire source code for its Memory Engine service, as discussed in the July 29 meet and confer session.  Nonetheless, Advante argues that the document containing Mintel's source code and Mintel's responses to Interrogatory Numbers

2

**United States District Court**
For the Northern District of California

1   1, 3, 8, 12 and 13 remain insufficient.          III.  STANDARDS

2          Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

3       [p]arties may obtain discovery regarding any matter, not privileged, that is
        relevant to the claim or defense of any party...For good cause, the court may
4       order discovery of any matter relevant to the subject matter involved in the
        action.  Relevant information need not be admissible at the trial if the discovery
5       appears reasonably calculated to lead to the discovery of admissible evidence.

6

7   Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the

8   determination of the action more probable or less probable than it would be without the evidence."  Federal

9   Rules of Evidence, Rule 401.  Discovery may be limited by the court for good cause shown "to protect a

10  party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ.

11  P. 26(c)).

12         Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

13      [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party,
        in response to a request for inspection submitted under Rule 34, fails to respond
14      that inspection will be permitted as requested or fails to permit inspection as
        requested, the discovering party may move for an order compelling an answer, or
15      a designation, or an order compelling inspection in accordance with the request.
        The motion must include a certification that the movant has in good faith
16      conferred or attempted to confer with the person or party failing to make the
        discovery in an effort to secure the information or material without court action.

17  Fed. R. Civ. P. 37(a)(2)(B).

18                              IV.  DISCUSSION

19         A.  <u>Meet and Confer Requirement</u>

20         Mintel argues that Advante did not properly meet and confer regarding Mintel's response to issues

21  other than the source code, and thus, Advante's motion to compel is inappropriate under the good faith

22  requirement in Fed. R. Civ. P. 37(a)(2)(A).[1]   Mintel contends that, because Advante did not address the

23  deficiencies in its response during their telephone meet and confer on July 29, 2005, it was not aware that

24  Advante sought a supplemental response, until August 22, 2005, two days before Advante filed its motion

25  ——————————

26      [1]Fed.R.Civ.P. 37(a)(2)(A) states: If a party fails to make a disclosure required by  Rule 26(a), any other party  may  move to
    compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or
27  attempted to confer with  the party not making the disclosure in an effort to secure the disclosure without court action.

28                                        3

**United States District Court**
For the Northern District of California

1  to compel.  At that time, Mintel allegedly offered to supplement its response with the facts alleged in the

2  counterclaim.

3          Advante argues that it complied with the meet and confer requirement for Interrogatory No. 1,

4  because the parties held a telephonic meeting on July 29, 2005 and failed to reach an agreement.  Further,

5  Advante argues that it properly conferred with Mintel regarding Interrogatory Nos. 3, 8, 12 and 13 when

6  Advante attempted to secure more specific information through "over a dozen" exchanged emails on August

7  22 and 23, 2005.

8          While the record is not entirely clear, it appears that both parties made an effort to resolve their

9  differences prior to the filing of this motion.  Advante and Mintel failed to come to an agreement on the

10  sufficiency of the response, even after multiple interactions by telephone and letter.  Advante, therefore, has

11  met the good faith requirement of Fed. R. Civ. P. 37(a)(2)(A).

12          B.  Interrogatory No. 1

13          Advante's first interrogatory requests that Mintel identify the entire content of each and every trade

14  secret Mintel alleges Advante misappropriated.  Subject to its objections that the interrogatory is vague and

15  seeks privileged information, Mintel responds that Advante misappropriated its source code for the

16  Memory Engine products, algorithms of the source code, its customer lists and market information, such as

17  the retail channels of distribution, lists of distributors, marketing strategies and sales procedures.

18          Advante argues that Mintel's answers are insufficient to fulfill the requirements of California Code of

19  Civil Procedure section 2019.210, which states that "before commencing discovery relating to the trade

20  secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity."

21  Specifically, Advante argues that Mintel identified only general categories of trade secrets, and that Mintel's

22  objections are without merit.  Further, Advante argues that Mintel should not be able to reserve the right to

23  supplement its interrogatory response, if Mintel alleges that the *entire* source code is its trade secret.

24          Mintel argues that it has sufficiently identified the *entire* source code and its algorithms as trade

25  secrets, and that it should be able to rely on Fed. R. Civ. P. 33, which states that it is sufficient to specify a

26  business record in response to an interrogatory, where both parties have the same burden of deriving the

27  answer from an inspection or audit of such records.

28                                              4

**United States District Court**

For the Northern District of California

1    Contrary to Mintel's oral and written arguments, Mintel's response to Interrogatory No. 1 does not

2   clearly state that Advante misappropriated the *entire* source code and algorithms of its Memory Engine

3   product.  Thus, Mintel shall provide a verified response, indicating that Advante allegedly misappropriated

4   trade secrets consisting of the *entire* source code and *all* of its algorithms, if that is Mintel's position.[2]

5   Mintel has established that, pursuant to Fed. R. Civ. P. 33, it can rely on the record produced to Advante

6   containing all of the Memory Engine source code, as there is a substantially equal burden on both parties to

7   derive the trade secret from that record.

8    The remainder of Mintel's answer to Interrogatory No. 1 similarly fails to meet the specificity

9   requirements of California Code of Civil Procedure section 2019.210.[3]  The identity of vendors and other

10   information that is ordinarily disclosed to the public or known in the industry does not constitute protectable

11   trade secrets.  Excelligence  v. Oriental Trading Company, Inc., No. 5:03-CV-4947, 2004 WL 2452834,

12   at *3  (N.D.Cal. 2004).  Mintel's sales procedures and the identity of Mintel's customers and distributors,

13   for example, constitute information that may be readily available to the public or in the industry, and thus,

14   generally wil l not amount to trade secrets.  Further, "marketing strategies" is a category that is too broad to

15   be deemed a trade secret.  For these reasons, Mintel's motion to compel a further response to Interrogatory

16   No. 1 is granted as described above.

17    C.  Interrogatory Nos. 3, 8, 12 and 13

18    In Interrogatory Nos. 3, 8, 12 and 13, Advante requests that Mintel identify facts relating to its

19   allegations that, a) Liu, the former CEO of Mintel, secretly collaborated with Zhang and Advante while Liu

20   was still a corporate officer; b) Advante acquired Mintel's trade secrets through improper means and used

21   or disclosed the trade secrets without authorization; c) Advante engaged and is engaging in direct copyright

22   infringement of Mintel's copyrights; and, d) Advante had access to Mintel's source code.

23    Mintel's responses indicate that its allegations are based on its knowledge that Liu, as an officer of

24

---

25    [2]As Advante's counsel noted, Mintel's supplemental responses  are to be made pursuant to Fed. R. Civ. P. 26(g)(1).

26    [3]For purposes of this motion it is not necessary to determine if application of Section 2019.210 is mandatory here.
     In the absence of a specific trade secret discovery provision under the federal rules, this Court follows the prevalent practice
27   of using the state rule as an appropriate guide in trade secret litigation.

28                                                              5

United States District Court

For the Northern District of California

1  Mintel, had access to Mintel's confidential information, which he passed along to Advante through Zhang

2  and Wei.  As Advante's counsel notes, Mintel does not, however, state the basis for its allegation that Liu

3  funneled information to Advante or secretly collaborated with Advante, nor does it state the basis for its

4  belief that Advante has infringed Mintel's copyrights.  Further, Mintel itself concedes that it has omitted

5  certain facts from the responses and has offered to supplement its answers.

6           Under Fed. R. Civ. P. 33(a) and 33(b)(1), a party must furnish a full and separate response to each

7  interrogatory with information that is *available*.  In its briefs and in oral argument, Mintel concedes that, at

8  the very least, it has omitted facts alleged in its counterclaim.  Accordingly, Mintel shall provide

9  supplemental verified responses to Interrogatory Nos. 3, 8, 12 and 13.  Mintel has the duty, under the

10  Federal Rules of Civil Procedure, to disclose how it became aware that Liu funneled confidential

11  information to Advante by citing to specific evidence.  Mintel must do more than merely refer to its

12  counterclaim or *allege* that its allegations are true.  Continental Illinois Nat. Bank & Trust Co. of Chicago

13  v. Caton, 136 F.R.D. 682, 688 (D.Kan.,1991).  For example, if Mintel has witnesses or knows the identity

14  of documents which support its allegations, Mintel shall include these facts in its interrogatory responses.

15  Advante's motion to compel is granted, and Mintel is ordered to provide further verified responses to

16  Interrogatory Nos. 3, 8, 12 and 13.

17

18                                      V.  CONCLUSION

19       For the reasons stated herein, the Court grants Advante's motion to compel and orders Mintel to

20  provide further verified responses to Interrogatory Nos. 1, 3, 8, 12 and 13, as outlined above, within

21  twenty (20) days of the date of this order.

22  IT IS SO ORDERED.

23  Dated: 10/4/05                              /s/ Richard Seeborg
                                              RICHARD SEEBORG
24                                            United States Magistrate Judge

25

26

27

28                                          6

**United States District Court**

For the Northern District of California

1    **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

2    Chien-Ju Alice Chen    achen@Fenwick.Com

3    Rodger R. Cole    rcole@fenwick.com

4    J. James Li    jli@mwe.com, pryan@mwe.com

5    Arturo Esteban Sandoval    asandoval@mwe.com

6

7    **Dated: 10/4/05**                                             **Chambers of Judge Richard Seeborg**

8                                                    **By:**      **/s/ BAK**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28