**\*E-FILED 6/29/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANTE INTERNATIONAL CORP. et al., | NO. C 05-01022 JW (RS) |
| Plaintiffs, | **ORDER DENYING MOTION TO COMPEL** |
| v. | |
| MINTEL LEARNING TECHNOLOGY, et al., | |
| Defendants. | |

INTRODUCTION

This motion to compel discovery seeks the Court's authorization to conduct a forensic examination of the opposing parties' computer systems. Defendant Mintel Learning Technology, Inc. contends that the conduct of plaintiff Advante International Corp. and certain individuals associated with it warrants a conclusion that they are concealing evidence, misrepresenting facts, and otherwise engaging in misconduct, such that Mintel should be permitted to examine their computers. Electronic storage of information presents discovery issues not encountered in earlier times. Nevertheless, just as a party would not be entitled to inspect personally an opposing party's offices and filing cabinets simply because it believed that discovery misconduct had occurred, the accusations Mintel makes here do not justify the remedy it seeks. Accordingly the motion will be denied. Mintel's motion also seeks to compel a further deposition of Shin Wei. The parties will be ordered to engage in further meet and confer regarding that and other depositions.

BACKGROUND

In its counterclaim and in this motion, Mintel accuses Advante of having conspired with Mintel's former director and CEO, James Jian Liu, to misappropriate intellectual property belonging to Mintel. Mintel contends that it has shown "irrefutable evidence" that Advante and Liu have engaged in wrongdoing, including the giving of false testimony in this action. Mintel suggests that Advante has withheld, concealed, or destroyed evidence. Advante denies Mintel's accusations, arguing that Mintel has misinterpreted "a handful of innocuous events and emails."

DISCUSSION

A. Computer Inspection

The computer age has generated new and challenging issues for lawyers, clients, and the courts during the civil discovery process. "As individuals and corporations increasingly do business electronically --using computers to create and store documents, make deals, and exchange e-mails--the universe of discoverable material has expanded exponentially. The more information there is to discover, the more expensive it is to discover all the relevant information until, in the end, 'discovery is not just about uncovering the truth, but also about how much of the truth the parties can afford to disinter.'" *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 311 (S.D.N.Y 2003). It is well settled that " electronic evidence is no less discoverable than paper evidence." *Id.* at 317. The nature of electronic data storage systems is such that, in some circumstances, information can be recovered through various methods even though it has been "deleted." See *id* at 318-319 (discussing various categories of electronic data and the accessibility issues raised by each). Accordingly, in some cases it may be appropriate to allow a forensic examination of computer hard drives.

Even in such circumstances, though, a party would not be given an unfettered right to conduct its *own* examination of the opposing party's computers. Rather, a protocol would have to be established to protect legitimate privacy, privilege, and safety concerns, and to minimize disruption. The mere fact that this case involves electronic data does not change the basic concepts or rules of the discovery process. Had Mintel made the same basic accusations in an earlier age, its claims of incomplete document production, inconsistencies, or even perjury and destruction of evidence,

would not automatically entitle it to an order permitting it to enter Advante's offices to rummage through filing cabinets and desks.. The relief Mintel is asking for here is no different and no more warranted.[1] Furthermore, notwithstanding the breadth of accusations Mintel has leveled, it has not presented specific, concrete evidence of concealment or destruction of evidence sufficient to conclude that a forensic examination of the vast scope it proposes is warranted at this juncture, even under an examination protocol that would protect the other parties' legitimate privacy and other interests.

In its opposition, Advante has offered a "compromise" that its own attorneys will personally review the computers to ensure that any additional responsive documents that may exist in readable form are produced. At this point in time, that compromise appears appropriate. If Mintel subsequently can show that there is a sufficient basis to believe that further discoverable information would be uncovered through a different inspection method, it may seek further relief, but only after meeting and conferring both as to the necessity of such an inspection and as to the procedures under which it would occur, if at all.

B. Deposition

Mintel's motion also seeks to compel Shin Wei to appear for one additional day of deposition, on the ground that he is a witness both in his capacity as an individual party and as a representative of Advante under Rule 30 (b) (6). Advante's opposition asserts that it is willing to produce Wei for additional deposition, as long as Mintel permits further deposition of Ningyuan Wayne Wang. It appears that Mintel failed to engage in adequate meet and confer efforts as to this issue prior to filing the motion. The parties shall meet and confer to resolve this and any related deposition scheduling issues.

---

[1] At the hearing, Mintel explained that it does not seek to conduct the forensic examination personally, but that it contemplated a third party expert would be retained to conduct the search and that only relevant responsive materials would be turned over to Mintel. Neither Mintel's moving papers nor its proposed order included any discussion of, or provision for, such a procedure.

3

CONCLUSION

The parties are ordered to meet and confer regarding scheduling a further deposition of Shin Wei and any related deposition scheduling matters.  Mintel's motion is otherwise DENIED.

IT IS SO ORDERED.

Dated: June 29, 2006

RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Chien-Ju Alice Chen   achen@Fenwick.Com, dyoungman@fenwick.com

Rodger R. Cole   rcole@fenwick.com

J. James Li   lij@howrey.com, schantellk@howrey.com; ew@howrey.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 6/29/06**                                             **Chambers of Judge Richard Seeborg**

                                                               **By:**   /s/ BAK