**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                    SAN JOSE DIVISION
10

11   Advante International Corporation, et al.,          NO. C 05-01022 JW

12              Plaintiffs,          **ORDER DENYING LEAVE TO AMEND COUNTERCLAIMS;**
      v.                             **DENYING MOTION TO CONTINUE**
13                                   **CASE MANAGEMENT DEADLINES;**
     Mintel Learning Technology, Inc., et al.,          **AMENDING SCHEDULING ORDER**
14
              Defendants.
15   _____/

16                    I.  INTRODUCTION

17          Plaintiffs Advante International Corporation ("Advante") and Yibin Vickie Zhang filed a

18   complaint against Defendants Mintel Learning Technology ("Mintel") and Ningyuan Wayne Yang

19   for declaratory relief, trade libel, and defamation; Defendants counterclaimed for breach of contract,

20   fraud, breach of fiduciary duty, misappropriation of trade secrets, copyright infringement, unjust

21   enrichment, civil conspiracy, and unfair competition.  Presently before the Court is Defendant

22   Mintel's Motion to Continue Case Management Deadlines and For Leave to Amend Counterclaims.

23   Based on the papers submitted, the Court DENIES Mintel's motion.

24                    II.  BACKGROUND

25          Advante and Mintel are companies competing in the English as a Second Language market.

26   Both sell web-based educational software for students attempting to learn English.  Plaintiffs filed

27   the present action against Defendants based on allegations that Defendants made false statements to

28   the effect that Plaintiffs' product was substantially based on Defendants' product.  Defendants filed

1   counterclaims against Plaintiffs and against Defendant Mintel's former CEO, James Liu, based on

2   allegations that Plaintiffs conspired with Liu to develop software based on Defendants' product.  Liu

3   was dismissed pursuant to settlement shortly after the counterclaims were filed.  This Court issued a

4   scheduling order on July 14, 2005, following a case management conference.

5          Mintel's present motion requests an extension of five months to all case management

6   deadlines, and for leave to add a new counterclaim for breach of settlement against Liu.

III.  STANDARDS

8          A scheduling order may not be amended except upon a showing of good cause.  Fed. R. Civ.

9   P. 16(b).  Good cause, in this context, means that the deadlines for discovery could not be met

10  despite appropriate diligence on the part of the moving party.  Johnson v. Mammoth Recreations,

11  Inc., 975 F.2d 604, 609 (9th Cir. 1992).

IV.  DISCUSSION

13  **A.      Mintel's Proposed Counterclaim**

14         Mintel maintains that more time is needed to perform discovery on its new counterclaim.

15  The parties have focused their attention on whether Defendant's new counterclaim is permissible

16  under the liberal standard of Fed. R. Civ. P. 15.  Before leave of court to amend a complaint may

17  even be considered, however, an amendment adding new parties or claims must satisfy the rules of

18  joinder.  See VFD Consulting, Inc. v. 21st Services, 21st Holdings, LLC, No. C 04-2161 SBA, 2005

19  WL 1115870, at *7 n.7 (N.D. Cal. May 11, 2005).

20         Fed. R. Civ. P. 13 allows a defendant to add a new counterclaim against any current party;

21  Fed. R. Civ. P. 19 and 20 allow a defendant to join new parties to any current counterclaim.  A new

22  counterclaim cannot, however, be asserted solely against a new party.  See Schwarzer, Tashima, &

23  Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL 8:292 (The Rutter Group 2005) ("[a]t

24  least one of the parties to the counterclaim must be an opposing party. . . [e]ven if there is subject

25  matter relationship, a 'counterclaim' cannot be asserted solely against new parties"); Wright &

26  Miller, 6 FED. PRAC. & PROC. CIV. 2d § 1435 (counterclaim or cross-claim may not be directed

27

28                                                      2

United States District Court
For the Northern District of California

1  solely against persons who are not already parties to the original action, but must involve at least one

2  existing party). Here, Defendant seeks to add a new claim – breach of settlement – solely against a

3  new party – Liu.  The Court does not take a position on whether there may be another procedural

4  mechanism available to Mintel, but under the Federal Rules, Mintel may not assert a counterclaim

5  against Liu for breach of the settlement agreement.

6         Defendant mentions that the new counterclaim arises from a common nucleus of operative

7  fact with its other counterclaims, but fails to explain the significance of that observation.  Fed. R.

8  Civ. P. 13(a) mentions the roughly equivalent "same transaction or occurrence" standard, but that

9  provision requires a defendant to plead all claims against an opposing party that arise from the same

10  transaction or occurrence as that party's claims against him.  It does not permit a defendant to plead

11  all claims against any person that arise from the same transaction or occurrence as its own claims.

12         Because leave to amend Defendants' answer to include the proposed new counterclaim

13  against Liu is denied, discovery on that claim is not a reason for a continuance.

14  **B.**　　**Mintel's Motion To Dismiss**

15         Mintel maintains that the court should resolve its pending motion to dismiss before expert

16  reports are filed, and offers arguments supporting the seriousness of its motion.  It does not,

17  however, offer any reason that the pending motion demands a continuance of case management

18  deadlines.  The parties' arguments about Advante's corporate status would be relevant to the motion

19  to dismiss itself, but not to the impact of that motion on the scheduling order.  The mere fact of a

20  pending motion is not good cause to amend the scheduling order.

21  **C.**　　**Defendants' Counsel's Scheduling Conflicts**

22         Defendants have an interest in representation by the counsel of their choice.  Lyle v. Superior

23  Court, 122 Cal.App.3d 470, 481 (Cal. App. 4 Dist., 1981).  However, defendants are also obliged to

24  accept the consequences of their choice of counsel.  Mintel knew, or should have known, of Mr. Li's

25  unfamiliarity with the current state of the case, and of his scheduling conflicts, when it retained him.

26  It would be unjust to impose the burden of those difficulties on Plaintiffs.

27

28  　　　　　　　　　　　　　　　　　　　　　3

**D.      Outstanding Discovery Issues**

Mintel argues that Plaintiffs' misdeeds have delayed discovery, such that it could not reasonably meet the deadlines in the Scheduling Order despite its diligence; Plaintiffs respond with a comparable litany of the Defendants' alleged transgressions.  This Court does not have sufficient information before it to properly judge discovery violations; such matters would be better brought before the assigned Magistrate Judge.  Regardless of any possible wrongdoing by Plaintiffs, however, Mintel failed to move for a continuance until almost a month after the deadline for expert reports, and offer no justification for that delay.  The financial crisis which Mintel maintains forced Defendants to put their case on hold was resolved by February.  Defendants' new counsel did not rejoin the case until May, when the first deadline had already passed.  Defendants stipulated in March to an extension of the case management schedule to accommodate their difficulties in carrying out discovery.  Diligent prosecution of their case would have included  moving for an extension to case management deadlines before they expired.

V.  CONCLUSION

For the reasons discussed above, Mintel's Motion to Continue Case Management Deadlines and For Leave to Amend Counterclaims is DENIED.  Since discovery has been delayed while awaiting the disposition of this motion, and due to the Court's own unavailability on certain hearing dates, however, the Court orders the following changes to the parties' stipulated Scheduling Order (Docket Item No. 34):

| Action | Current Date | Revised Date |
| --- | --- | --- |
| Expert reports due | April 24, 2006 | August 17, 2006 |
| Rebuttal expert reports due | May 19, 2006 | August 31, 2006 |
| Last day for hearing on objections to qualifications or proposed testimony of an expert | June 19, 2006 at 9:00 a.m. | October 16, 2006 at 9:00 a.m. |
| Close of discovery | June 16, 2006 | October 13, 2006 |
| Last day to file dispositive motions | July 10, 2006 | October 30, 2006 |

4

**United States District Court**
For the Northern District of California

| Hearing for dispositive motions | August 14, 2006 at 9:00 a.m. | December 4, 2006 at 9:00 a.m. |
|---|---|---|
| Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order due | September 8, 2006 | December 29, 2006 |
| Pretrial and Trial Setting Conference | September 18, 2006 at 11:00 a.m. | January 8, 2006 at 11:00 a.m. |

Dated:   July 13, 2006

05cv1022cclaims

/s/ James Ware
JAMES WARE
United States District Judge

**United States District Court**

For the Northern District of California

5

**United States District Court**
For the Northern District of California

1
**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**
Chien-Ju Alice Chen achen@Fenwick.Com
2
J. James Li lij@howrey.com
Rodger R. Cole rcole@fenwick.com
3

4
**Dated: July 13, 2006**                                    **Richard W. Wieking, Clerk**
5

6
                                                            **By:   /s/ JW Chambers**
                                                                 **Melissa Peralta**
7
                                                                 **Courtroom Deputy**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28