**\*E-FILED 7/21/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANTE INTERNATIONAL CORP. et al., | NO. C 05-01022 JW (RS) |
| Plaintiffs, | **ORDER RE MOTIONS INVOLVING THIRD-PARTY SUBPOENAS** |
| v. | |
| MINTEL LEARNING TECHNOLOGY, et al., | |
| Defendants. | |

INTRODUCTION

Before the Court is, (1) the motion by plaintiff Advante International Corp. ("Advante") to quash a subpoena served on Yahoo!; (2) Advante's motion for a protective order with respect to subpoenas served on Go Daddy and EZ Publishing; and (3) a "cross-motion" by defendant Mintel Learning Technology ("Mintel") to compel Advante to "consent" to the release of its information under the subpoenas. The motions having been fully briefed, the Court finds these matters suitable for disposition without oral argument, pursuant to Local Rule 7-1 (b).

BACKGROUND

On June 28, 2006, the Court heard Mintel's motion to compel seeking, in essence, the right to image and examine the hard drives of computers and servers belonging to Advante. By written order filed on June 29, 2006, the Court denied that motion, for the reasons stated therein. As Mintel candidly admits, the subpoenas now in dispute were issued for the purpose of obtaining essentially

the same type of discovery and information it was seeking in its prior motion. Although Mintel's prior motion had not been heard at the time the subpoenas were issued, the Court's conclusion that Mintel was not entitled to the discovery it sought directly from Advante is, for the most part, equally applicable to the issues presented in these motions.

## DISCUSSION

### A. Scope of the Subpoenas

The subpoena to Yahoo! requests production of "all emails and attachments" to and from various email addresses used by Advante and its personnel. The subpoenas directed to EZ publishing and Go Daddy request, among other things, that those entities produce in their entirety the hard drives of various servers "for inspection and imaging." Mintel explains that it chose to use broad subpoenas to minimize the burden to the non-parties of complying. Mintel explains that it intended to have its own "forensic computer expert" use a "double-screen procedure" to ensure that only relevant, non-privileged materials are ultimately produced to Mintel or its counsel.

The Court is willing to presume that Mintel acted with subjective good faith in this regard, but that cannot justify the breadth of the subpoenas. Even if all of the issues discussed below were addressed adequately and Mintel had shown that a forensic examination of the type it contemplates might be appropriate, Mintel would not have the unilateral right to select an expert and to decide on the examination procedures. Electronic discovery presents new and evolving issues for the courts and for parties, as discussed in the Court's June 29, 2006 Order. Nevertheless, as Advante points out, courts allow the type of inspection Mintel is seeking only where the parties have agreed as to a protocol for the examination and to the identity of the examining expert, or have agreed to other safeguards designed to ensure the neutrality and integrity of the process (and only upon a strong showing of need).

Mintel's professed intent to limit what it actually would receive under the subpoenas through procedures of its own devising is wholly insufficient to cure what, on their face, are overbroad, intrusive, and improper subpoenas. The motion to quash the subpoena to Yahoo! will therefore be GRANTED.

B. <u>Protective Order</u>

Recognizing that the subpoenas to GoDaddy and EZ Publishing were not issued from this district, Advante elected not to move this Court for an order quashing either of them. Advante presented no authority, however, and the Court is not aware of any, that suggests a protective order regarding a subpoena is somehow different from an order quashing a subpoena, such that it may be sought from a non-issuing court. See Fed R. Civ. P. 45 (c) (3) (a)  (issuing court may quash or modify subpoena).

It appears that neither GoDaddy nor EZ Publishing presently intends to produce information in response to the subpoenas, absent court direction to do so. Accordingly, the Court will deny the motion for a protective order with respect those subpoenas, without prejudice to its renewal in another district (or in this district, if Advante can show that to be appropriate), should either GoDaddy or EZ Publishing indicate that they will voluntarily comply with the subpoenas.

C. <u>Information Regarding Possible Use of Password or Login</u>

As part of its motions, Advante requests the Court to order Mintel to disclose the extent to which, if at all, it used login and password information produced by EZ Publishing to access Advante's information hosted on EZ Publishing servers. The parties' dispute appears as if it may be one of miscommunication; Mintel apparently is reluctant to state unequivocally that it did not access Advante's information because it admits accessing the website through other means that it believes were proper. The record, however, is not entirely clear on the point.

This issue largely arises from the EZ Publishing subpoena, and therefore arguably is not properly before this Court. In light of the Court's inherent authority over the parties and over counsel as officers of the Court, however, the parties are ordered to meet and confer regarding this issue to eliminate any confusion over what, if any, use Mintel made of the password and login information it obtained from EZ Publishing.

D. <u>Stored Communications Act</u>

Much of the parties' briefing is focused on their respective contentions as to the applicability of the Stored Communications Act, 18 U.S.C. § 1701, et seq, to this controversy. In view of the

3

conclusions reached above, the Court need not decide how proceedings to enforce a civil subpoena might be impacted by that Act, or whether, as Mintel contends, a party can be compelled to "consent" to disclosure. Nor need the Court parse the extent to which Mintel sought information *not* protected under the Act.

### E. Mintel's "Cross-motion"

The Local Civil Rules do not presently provide for "cross-motions" brought on less than full notice. Even disregarding procedural defects, however, Mintel's motion to compel Advante to "consent" to release of its information in response to the subpoenas is denied, based on all of the above.

### G. Future Discovery

In its briefing on these motions and on its prior motion, Mintel has shown some apparent inconsistencies exist in some of Advante's discovery responses. Mintel argues that it has also proved, or will be able to prove, numerous instances of dishonest conduct by Advante and individuals associated with it. In neither this order nor its prior order, does the Court intend to dismiss the seriousness of those allegations. Nevertheless, because the *remedies* that Mintel has sought to date would be inappropriate even if its claims of misconduct are true, the Court has not attempted and will not attempt to evaluate the merits of those claims.

The Court acknowledges that there are cases where it may be appropriate to allow imaging of a computer hard drive to permit recovery of "deleted" files or other information. Indeed, such a process may be appropriate under some circumstances even absent any *intentional* wrongdoing. If, however, Mintel seeks such discovery here, it must do so with due regard to the issues discussed above, without undue hyperbole, and upon a specific showing that the inspection sought has been properly requested, is likely to lead to the discovery of admissible evidence, and that there has been meaningful meet and confer discussions regarding any disputes.

CONCLUSION

Advante's motion to quash the Yahoo! subpoena is granted. Advante's motion for a protective order with respect to subpoenas served on Go Daddy and EZ Publishing is denied, without prejudice. Mintel's "cross-motion" is denied.

IT IS SO ORDERED.

Dated: July 21, 2006

RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Chien-Ju Alice Chen     achen@Fenwick.Com, dyoungman@fenwick.com

Rodger R. Cole     rcole@fenwick.com

Songmee L. Connolly     SConnolly@Fenwick.com, lrubinstein@fenwick.com

J. James Li     lij@howrey.com, schantellk@howrey.com; ew@howrey.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 7/21/06**                                                          **Chambers of Judge Richard Seeborg**

                                               **By:**     **/s/ BAK**

**United States District Court**
For the Northern District of California