1

2

3 **\*E-FILED 12/6/06\***

4

5

6 IN THE UNITED STATES DISTRICT COURT

7 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8 SAN JOSE DIVISION

9 ADVANTE INTERNATIONAL CORP. et al.,          NO. C 05-01022 JW (RS)

10                              Plaintiffs,          **ORDER GRANTING IN PART
                                                     AND DENYING IN PART**
11        v.                                         **MOTION TO COMPEL**

12 MINTEL LEARNING TECHNOLOGY, et al.,

13                              Defendants.

14 _____/

15

16 INTRODUCTION

17        Before the Court is a motion to compel brought by plaintiff Advante International Corp.

18 After the motion was filed, the Court directed the parties to engage in further meet and confer

19 discussions regarding all of their then-pending discovery disputes.  Those efforts are appreciated, as

20 they substantially limited the number of items remaining to be decided in this motion.[1]  The matter

21 having now been fully briefed and argued,  the motion will be granted in part and denied in part.

22

23

24

25

26

27        [1] Also, the Court has received the parties' joint letter reporting on their efforts to agree to a
28 protocol for the previously-ordered inspection of Advante's hard drives, and notes their successes in
   that matter.

1

United States District Court

For the Northern District of California

1

2

3                                        DISCUSSION[2]

4          A.  Tax Returns

5          While tax returns are not absolutely privileged, *Heathman v. District Court*, 503 F.2d 1032

6   (9th Cir. 1974), public policy discourages unnecessary public disclosure of tax returns.  *Premium*

7   *Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).  Accordingly, a party

8   seeking production of tax returns must show: (1) they are relevant to the action and (2) there is a

9   compelling need for them because the information sought is not readily available from another

10  source. *Aliotti v. Senora*, 217 F.R.D. 70 (N.D. Cal. 2003).

11         Here, although the parties vigorously contest the extent to which Mintel has been able to

12  produce other documents and information regarding relevant aspects of its financial condition,

13  Advante has adequately shown that both that complete financial information is relevant to defending

14  against Mintel's damages claims and that deficiencies in Mintel's other financial records create a

15  compelling need for disclosure of the tax returns.

16         B.  Monthly Head Count

17         At the hearing, the parties reported that this issue had been resolved.

18         C.  David Wilson Deposition

19         David Wilson was the first expert consultant retained by Mintel in this action.  He apparently

20  performed a "line-by-line" comparison of the parties' source codes and did not find many

21  similarities.  He has no ongoing relationship with Mintel and will not be called to testify at trial.

22         When Mintel retained Gordon Pelton, its current expert, it told Pelton that it believed

23  Advante was "litigation savvy" and probably had substantially re-written the code to conceal

24  misappropriation.  Mintel encouraged Pelton to look at the algorithms, rather than doing a

25  "superficial comparison" like Wilson's.

26         Pelton never met or spoke with Wilson and never looked at any of Wilson's work.  That

27  _____

28         [2]  The factual background of this action has been discussed in prior orders and will not be
    repeated here.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  notwithstanding, Advante contends that Pelton "relied on" Wilson's prior work in that Pelton chose

2  *not* to do a line-by-line comparison of the code in part because he had been told that a prior expert

3  had done so.  Advante argues therefore Pelton's work is "based on" Wilson's work, such that Wilson

4  can be deposed even though he will not be testifying.

5          Mintel has adequately shown that Pelton did not base any of his analysis or conclusions on

6  Wilson's work.  The fact that Pelton chose not to do a line by line comparison means only that his

7  report and conclusions are not based on any such comparison, not that his report and conclusions are

8  based on Wilson's work.

9          D.  <u>Mintel's investigation into recent activities of James  Liu</u>

10         Through an interpreter, Mintel's current CEO, Qi Yu, testified at deposition that Mintel has

11  conducted some sort of investigation of suji99.com, JiSharp, and ScoreMax, each of which

12  apparently is a company founded by Mintel's former CEO, James Liu.  Although Qi Yu initially

13  testified that at least some of the investigative efforts were instigated by Mintel personnel, he

14  subsequently corrected his testimony and has provided a declaration to clarify that all investigation

15  work had been initiated by and done under the direction of counsel.

16         Rule 26 (b) (3) of the Federal Rules of Civil Procedure provides, in pertinent part:

17         [A] party may obtain discovery of documents and tangible things otherwise
       discoverable under subdivision (b)(1) of this rule and prepared in anticipation of
18     litigation or for trial by or for another party or by or for that other party's
       representative (including his attorney, consultant, surety, indemnitor, insurer, or
19     agent) only upon a showing that the party seeking discovery has substantial need of
       the materials in the preparation of his case and that he is unable without undue
20     hardship to obtain the substantial equivalent of the materials by other means. In
       ordering discovery of such materials when the required showing has been made, the
21     court shall protect against disclosure of the mental impressions, conclusions,
       opinions, or legal theories of an attorney or other representative of a party concerning
22     the litigation.

23         Advante's motion on this subject was primarily premised on its argument that the work

24  product doctrine is inapplicable in light of Qi Yu's initial statement that the investigation had been

25  initiated by Mintel itself.  On reply and at the hearing, Advante effectively conceded that Qi Yu's

26  subsequent declaration is sufficient to correct the record on that point, although Advante questions

27  its credibility.  Advante contends that it is nevertheless entitled to any *facts* that may have been

28  uncovered in the investigation, including any "verbatim witness statements."  Advante recites a

                                                    3

number of document requests it claims would reach such information, but it does not discuss those requests or describe any responses Mintel may have provided to them.  Under these circumstances, Advante has not shown that Mintel has refused to provide information under an unfounded claim of work product protection or that Advante has a "substantial need" for materials that exist in Mintel's possession, and that it cannot obtain "the substantial equivalent" of any such materials without undue hardship.

E.  Further Deposition of Dr. Yang

The parties reached an agreement, memorialized in email, that Advante would produce two witnesses (Wei and Zhang) for 3.5 hours each and that Mintel would produce Dr. Yang for further deposition.  Counsel for Advante stated, "I'll try to finish in 4.5 hours, but you'll give me the whole day (7.0 hours if needed)."  Mintel's counsel responded, "Sounds good to me. I will talk to Dr. Yang tomorrow about it."  See Cole Reply Decl., Exh. C.  At the hearing, counsel for Mintel suggested that he may have failed to read the entire email before agreeing to the terms proposed.[3]

Be that as it may, Mintel's agreement to make Dr. Yang available for a full seven hours is enforceable.  The parties are directed to meet and confer in an effort to schedule any further deposition of Dr. Yang at a time when he would otherwise be traveling to this country. Advante is also encouraged to consider carefully whether it has a substantial need for further testimony from Dr. Yang, both in light of the materials that may be produced as a result of this order and in light of all other circumstances.

F.  EDD Issue

Certain Advante employees contend they heard Dr. Yang brag that he submitted false information to the California EDD to collect unemployment.  At Yang's deposition, he refused to answer a question as to whether he has ever claimed unemployment insurance at any time since October 2001.  Advante acknowledges that the only relevance to this line of inquiry is the potential

_____

[3]  Mintel also argues that Advante's willingness to permit the Wei and Zhang depositions to go forward *after* Mintel had cut off Dr. Yang's deposition at four and a half hours belies the existence of any agreement.  Whether Advante chose to go forward with the Wei and Zhang depositions out of a desire to limit the controversies between the parties or for any other reason, the fact remains that the email record clearly reflects Mintel's agreement to make Dr. Yang available for up to seven hours.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   for gathering possible impeachment evidence.  Advante relies on a five-factor test set forth in

2   *Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 455 (S.D.N.Y 1988), as to when

3   discovery into such matters may be appropriate.  Although some of those factors are satisfied,

4   Advante concedes that there is no significant *nexus* between the purported fraud and the issues of

5   this action.  While that is not necessarily dispositive, the circumstances here suggest that allowing

6   the inquiry sought by Advante would only spawn protracted discovery proceedings on ancillary

7   subjects with no substantial probability that admissible evidence will be uncovered.

8        G.   Mintelusa.com

9        Advante seeks to take a deposition under Rule 30 (b) (6) of the Federal Rules of Civil

10  Procedure to learn more details about a mail server Mintel once used named "mintelusa.com".

11  At the hearing, Mintel stipulated that Advante may subpoena the third party that hosted the mail

12  server, and that Mintel will consent under the Federal Stored Communications Act 18 U.S.C. §§

13  2701, *et seq*. to the disclosure of information that the third party may still possess. Apart from that,

14  Mintel asserts that it has provided all the responsive information it currently possesses regarding the

15  server in its response to an interrogatory on the topic.  Although that interrogatory response is not

16  wholly consistent with prior deposition testimony on the issue, it purports to represent the most

17  complete and accurate information Mintel was able to compile.  As such, there is an insufficient

18  basis to warrant a further deposition.

19

20                           CONCLUSION

21       Advante's motion to compel is granted to the extent set forth above and is otherwise denied.

22  Mintel shall produce any additional documents within 20 days of the date of this order.

23

24  IT IS SO ORDERED.

25  Dated: December 6, 2006                    _____

                                     RICHARD SEEBORG

26                                       United States Magistrate Judge

27

28

                        5

**United States District Court**

For the Northern District of California

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Chien-Ju Alice Chen     achen@Fenwick.Com, dyoungman@fenwick.com

Rodger R. Cole     rcole@fenwick.com, vpieretti@fenwick.com

Songmee L. Connolly     SConnolly@Fenwick.com, lrubinstein@fenwick.com

J. James Li     lij@howrey.com, schantellk@howrey.com; ew@howrey.com

Ryan Jared Marton     rmarton@fenwick.com,

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 12/6/06**                                    **Chambers of Judge Richard Seeborg**

**By:** _____**/s/ BAK**_____