RODGER R. COLE (CSB NO. 178865)
rcole@fenwick.com
RYAN J. MARTON (CSB NO. 223979)
rmarton@fenwick.com
C. J. ALICE CHEN (CSB NO. 228556)
achen@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiffs and Counterclaim Defendants Advante International Corp. dba Vanteus Academy, Yibin Vickie Zhang and Shin Wei

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ADVANTE INTERNATIONAL CORP. dba VANTEUS ACADEMY, an Illinois Corporation, and YIBIN VICKIE ZHANG, an individual,

Plaintiffs,

v.

MINTEL LEARNING TECHNOLOGY, INC., a California Corporation, and NINGYUAN WAYNE YANG, an individual,

Defendants.

AND RELATED COUNTERCLAIMS

Case No. C 05-01022 JW (RS)

**ADVANTE INTERNATIONAL CORP. AND YIBIN VICKIE ZHANG'S NOTICE OF MOTION AND MOTION FOR DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

**[REDACTED FOR PUBLIC FILING]**

Date: January 22, 2007
Time: 9:00 a.m.
Dept: Courtroom No. 8, 4th Floor
Judge: Hon. James Ware

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that, on January 22, 2007, at 9:00 a.m. in Courtroom 8 of the United States District Court for the Northern District of California, located at 280 South First Street, San Jose, California, plaintiffs and counterclaim defendants Advante International Corp. dba Vanteus Academy and Yibin Vickie Zhang (collectively, "Advante") will, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, move this Court for dismissal of, or in the alternative, summary adjudication on, the Fifth and Sixth Counterclaims contained in the Answer to the First Amended Complaint and Counterclaims by defendants Mintel Learning Technology, Inc. and Ningyuan Wayne Yang (collectively, "Mintel"), and thereby dismissal of all remaining claims for lack of subject matter jurisdiction.

Advante brings this motion on the grounds that on the undisputed material facts, Mintel lacks standing to assert its Fifth Counterclaim for Misappropriation of Trade Secrets and Sixth Counterclaim for Copyright Infringement and because these claims are moot. This Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, accompanying declarations and exhibits attached thereto, oral argument, and such other and further evidence as the Court might deem proper.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On November 28, 2006, Defendant Mintel Learning Technology, Inc. produced an [redacted] and thereby stripped itself of standing to pursue copyright and trade secret claims and this Court of jurisdiction to hear this matter. Mintel no longer has standing to pursue its copyright or trade secret claims, and as a result, this Court no longer has federal question or supplemental jurisdiction over this action. As a result, the action must be dismissed and the parties will need to resort to an alternative forum to resolve their state law claims.

Defendants and counterclaimants Mintel Learning Technology, Inc. and Ningyuan Wayne

Yang (collectively, "Mintel") contend that Plaintiffs and counterclaim defendants Advante International Corp. dba Vanteus Academy and Yibin Vickie Zhang, and counterclaim defendant Shin Wei (collectively, "Advante"), misappropriated confidential information constituting Mintel's trade secrets and infringed Mintel's copyright in the source code for its "Memory Engine" (aka "Learning Engine" or "Mintel Ji Yi"), the core technology for Mintel's language-learning products. Necessarily, Mintel alleges that it owns the copyright for its Memory Engine source code and the trade secrets Mintel claims were misappropriated by Advante. [REDACTED] Mintel has made moot, and no longer has standing to enforce, its claims of copyright infringement and trade secret misappropriation based on its Memory Engine technology. Thus Mintel's claims for copyright infringement and trade secret misappropriation, as well as Advante's request for a declaratory judgment regarding Mintel's former technology, must be dismissed or summarily adjudicated.

In fact, [REDACTED] makes all the federal claims moot and divests the Court of subject matter jurisdiction over the remaining claims as well. Thus, as explained more fully below, the Court also must dismiss all remaining claims for lack of jurisdiction.

## II. STATEMENT OF FACTS

Advante brought this case in Federal Court seeking a declaratory judgment that it did not infringe the intellectual property rights that Mintel [REDACTED]. Advante's First Amended Complaint [hereinafter "Complaint"] at ¶¶ 21-24 (Docket No. 5). Advante alleged subject matter jurisdiction pursuant to 28 U.S.C. 1338(a) (copyrights and trademarks), in the belief that Mintel held federal intellectual property rights in and related to its Memory Engine technology. *Id.* at ¶ 6. This belief was based on statements and representations that Defendants Mintel and Yang had made to Advante's prospective customers and investors that Advante's software infringed such rights. Advante brought this suit to seek redress for Mintel's and Yang's false and disparaging

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

statements about Advante and Zhang. *Id.* at ¶¶ 1, 21-34.

Mintel's Fifth Counterclaim asserts that Advante misappropriated its alleged trade secrets in its Memory Engine software. Answer at ¶¶ 87-96 (Docket No. 11). While Mintel's disclosure of these alleged trade secrets has been elusive and ever-changing, Mintel essentially alleges that these trade secrets consist in "the *entire* source code and all algorithms of Mintel's Memory Engine product." Cole Decl. ¶ 2, Ex. A (emphasis in original).

Mintel's Sixth Counterclaim asserts that Advante infringed Mintel's alleged copyright in its Memory Engine source code. Answer at ¶¶ 97-103. Mintel obtained a certificate of registration from the United States Copyright Office on May 2, 2005. Cole Decl. ¶ 3, Ex. B (MIN102661).



Mintel did not produce until November 28, 2006, a month and a half after discovery closed. Cole Decl. ¶ 4. Thus, for the last nine months, Mintel has been pursuing claims to enforce rights that . In addition, Mintel has recently filed suit in this district against another party, alleging copyright infringement of the very copyright at issue in this suit

---

1

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

[redacted]—as well as the trade secrets relating to the Memory Engine [redacted]. Cole Decl. ¶ 7, Ex. F at ¶¶ 37-41.

## III. ARGUMENT

### A. In Considering Subject Matter Jurisdiction, it is Proper for This Court to Consider Extrinsic Evidence

Factual attacks on the pleadings, also called "speaking motions," attack the court's subject matter jurisdiction as a matter of fact based on extrinsic evidence apart from the pleadings. *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a factual attack, the movant converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly before the court. The respondent then must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The district court will evaluate the merits of jurisdictional claims by considering the allegations of the complaint and the extrinsic evidence presented. *Valdez v. United States*, 837 F Supp 1065, 1067 (E.D. Cal. 1993), *aff'd*, 56 F.3d 1177 (9th Cir. 1995). The court does not abuse its discretion by looking to this extra-pleading material in deciding the jurisdictional issue, even if it becomes necessary to resolve factual disputes. *Association of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

Unlike a facial attack on subject matter jurisdiction, in a factual attack the court will not attach any presumptive truthfulness to the plaintiff's or counterclaimant's jurisdictional allegations or to any inferences drawn from those allegations. *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Rather, in deciding a factual attack, the court may weigh the evidence presented, and may determine the facts in order to evaluate whether they have the power to hear the case. *Sarei v. Rio Tinto PLC*, 221 F. Supp. 2d 1116, 1129 (C.D. Cal. 2002).

### B. Mintel Bears the Burden of Proving Its Standing to Pursue Its Copyright and Trade Secret Claims

Mintel bears the burden of establishing its standing to assert its counterclaims based upon ownership of the Memory Engine technology. *United States v. Hays*, 515 U.S. 737, 743 (1995)

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

(placing the burden of proof of standing on the "'party who seeks the exercise of jurisdiction in his favor'" (citation omitted)); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Proof of Mintel's standing is "an indispensable part of [its] case, [and] each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

An essential element to a claimant's standing to enforce a claim of copyright infringement is ownership of a valid copyright. *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 876 (9th Cir. 2005); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 40 U.S.P.Q.2d 1281, 1284-85 (S.D. Fl. 1996) ("It is elementary under applicable copyright law that a plaintiff in an infringement action . . . must prove either ownership of a valid copyright or the grant of an exclusive right therein."). Likewise, an essential element to a claimant's standing to bring a claim for trade secret misappropriation is that the claimant owns the alleged trade secrets. 4 Milgrim on Trade Secrets § 15.01[1][a][iv] (2006) ("Elementary, of course, is proof that plaintiff is the owner of the trade secret"); *Cinebase Software v. Media Guar. Trust*, No. C 98-1100 FMS, 1998 U.S. Dist. LEXIS 15007, at *20 (N.D. Cal. Sep. 21, 1998) ("Under California's trade secret statute, a plaintiff must prove that it possesses a trade secret and that the trade secret was misappropriated. Cal. Civ. Code § 3426.1."). Thus it is Mintel's burden to establish that it owns the copyright and trade secrets being asserted against Advante and that [REDACTED] has not rendered its counterclaims moot.

**C. Mintel Lacks Standing to Pursue Its Copyright and Trade Secret Claims**

Mintel cannot meet its burden to establish ownership of the copyright and trade secrets that it asserts against Advante because it is undisputed that



FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW



FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

[redacted] Mintel cannot show that it has standing to pursue its copyright or trade secret claims. Consequently, the Court should dismiss, or in the alternative grant Advante summary judgment on Mintel's Fifth and Sixth Counterclaims.

### D. Advante's Claim against Mintel for Declaratory Judgment of No Infringement or Misappropriation Now Fails to Present an Actual Controversy and is Moot

[redacted] leads not only to the result that Mintel's claims based upon ownership of such technology must be dismissed, but also to the result that Advante's own claim involving Mintel's [redacted] rights is now moot, and must be dismissed as well.

"[M]ootness is an element of justiciability and the court has a duty to consider it sua sponte." *Canez v. Guerrero*, 707 F.2d 443, 446 (9th Cir. 1983); *Williams v. Dep't. of Army*, No. C 92-20088 JW, 1993 U.S. Dist. LEXIS 15336, at *5 n.4 (N.D. Cal. Sep. 13, 1993) (J. Ware). "[T]he question of mootness is a federal one which a federal court must resolve before it assumes jurisdiction." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Liner v. Jafco, Inc.*, 375 U.S. 301, 304-305 (U.S. 1964). "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen*, 392 U.S. 83, 95; *see also Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986). "A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted." *Leach v. Santa Clara County Bd. of Supervisors*, No. C 94-20438 JW, 1995 U.S. Dist. LEXIS 20792, at *7 (N.D. Cal. Jan. 4, 1995) (J. Ware).

Advante's only claim under federal law, its First Claim For Relief, requests a declaratory judgment that Advante's software does not infringe Mintel's copyrights, that Advante's software's graphical user interface does not infringe Mintel's trade dress rights, that neither

Advante nor Zhang misappropriated any of Mintel's trade secrets, and that Advante's software does not include any of Mintel's trade secrets. Complaint at 5.

No live controversy exists here because [redacted]

Were the Court to attempt to decide Advante's First Claim For Relief on its merits, it could not affect the rights of the parties, because Advante's claim intrinsically involves rights that Mintel no longer possesses, and thus the request for declaratory judgment is moot and beyond the power of the court to decide under Article III of the U.S. Constitution. *Schneider v. Chertoff*, 450 F.3d 944, 959 (9th Cir. 2006) ("'[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.' The inability of the federal judiciary 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'") (internal citations omitted).

Because Advante's request for a declaratory judgment was based on [redacted], it is thus moot, and must be dismissed. 28 U.S.C. § 2201 (allowing a declaratory judgment only if there is an "actual controversy" between the parties before the court). The resolution of both Advante's only federal claim, for a declaratory judgment, and Mintel's only federal claim, for copyright infringement, on these justiciability grounds yields consequences as to all other claims before the Court as well.

**E. Without Advante's Claim for Declaratory Judgment of No Infringement or Misappropriation and Without Mintel's Counterclaim for Copyright Infringement, the Court Lacks Jurisdiction Over the Remaining Subject Matter in the Case**

Advante's only claim founded upon a federal question was its First Claim for Relief, which now fails to present an actual case or controversy. This Court lacks jurisdiction where there is no actual case or controversy. U.S. Const., Art. III. Mintel's only counterclaim founded



FENWICK & WEST LLP ATTORNEYS AT LAW MOUNTAIN VIEW

upon a federal question is its Sixth Counterclaim for Copyright Infringement, which it lacks standing to assert and which is also now moot, because Mintel [REDACTED] in the allegedly copyrighted work. Again, this Court lacks jurisdiction to adjudicate a claim by one who lacks the standing to assert it. All other claims by both parties were before the Court based only upon its supplemental jurisdiction.

Supplemental jurisdiction depends upon a transactionally-related and jurisdictionally proper underlying claim. *Toste Farm Corp. v. Hadbury, Inc.*, 70 F.3d 640, 646 (1st Cir. 1995). If that underlying claim is dismissed for lack of jurisdiction rather than on the merits, as the Court must do here, then the "jurisdictional peg" for the supplemental claims is eliminated, and they too must be dismissed unless there is an independent basis for jurisdiction. *Id.* "[W]hen original jurisdiction does not exist for the principal claim, federal courts may not exercise supplemental jurisdiction over the remaining pendent claims. Simply put, failure of original jurisdiction precludes application of supplemental jurisdiction." *Randolph v. Budget Rent-A-Car*, 97 F.3d 319, 329 (9th Cir. 1996); *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999) ("The federal courts of appeals ... have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims.").

Here, state law forms the basis for each of the remaining claims, providing no federal question jurisdiction, and all the claims are between citizens of the same state, providing no diversity jurisdiction, hence all remaining claims must be dismissed. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 2006 U.S. Dist. LEXIS 65740 (D. La. 2006) (dismissing plaintiff's claims for lack of jurisdiction, and then finding that defendant's counterclaims and third-party complaints without an independent ground of federal jurisdiction "must be dismissed as well.").

## IV. CONCLUSION

Mintel cannot meet its burden to establish ownership of the intellectual property rights it has asserted in its counterclaims, and they must therefore be dismissed. As a result of [REDACTED], Advante's request for a declaratory judgment that it neither infringes nor misappropriates those rights is moot, and must

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

also be dismissed. Finally, there being no other basis for federal jurisdiction of the remaining claims, each of them must be dismissed as well. Advante stands prepared to seek its remedy in the appropriate forum.

Dated: December 18, 2006

FENWICK & WEST LLP

By: /s/Rodger R. Cole
Rodger R. Cole

Attorneys for Plaintiffs and Counterclaim Defendants Advante International Corp. dba Vanteus Academy, Yibin Vickie Zhang and Shin Wei