RODGER R. COLE (CSB NO. 178865)
rcole@fenwick.com
RYAN J. MARTON (CSB NO. 223979)
rmarton@fenwick.com
C. J. ALICE CHUANG (CSB NO. 228556)
achuang@fenwick.com
BRIAN W. CARVER (CSB NO. 244878)
bcarver@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone: (650) 988-8500
Facsimile:  (650) 938-5200

Attorneys for Plaintiffs and Counterclaim
Defendants Advante International Corp. dba Vanteus
Academy, Yibin Vickie Zhang and Shin Wei

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANTE INTERNATIONAL CORP. dba VANTEUS ACADEMY, an Illinois Corporation, and YIBIN VICKIE ZHANG, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MINTEL LEARNING TECHNOLOGY, INC., a California Corporation, and NINGYUAN WAYNE YANG, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.  C 05-01022 JW (RS)<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF DEFENDANT AND COUNTERCLAIMANT'S EXPERT VICTOR REPUBLICANO, JR.** |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**INTRODUCTION**

The opinions and related proposed testimony offered by Mintel's damages expert, Victor P. Republicano, Jr. ("Republicano"), have been rendered irrelevant and inadmissible by this Court's recent grant of summary judgment disposing of Mintel's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing.

As is explained in the opening brief on this motion, Republicano offered a measure of damages that assumes liability for all of Mintel's asserted counterclaims. Republicano has lumped all of Mintel's counterclaims together and described a cumulative harm suffered as a result of such counterclaims. He did not segregate any cause of action from another nor did he attribute any measure of damages to any particular act, legal theory or counterclaim. Because Republicano has assumed that Advante is liable for all of Mintel's counterclaims, his opinions are entirely dependant on Mintel prevailing on each of its claims.

Now that it is certain Mintel will not prevail on at least two of its claims, Republicano's opinions on Mintel's damages are irrelevant and should be excluded.

**BACKGROUND**

Mintel has alleged breach of contract, breach of implied covenant of good faith and fair dealing, fraud, breach of fiduciary duty, misappropriation of trade secrets (several trade secrets both technical and marketing), copyright infringement, unjust enrichment, civil conspiracy, and unfair competition. *See* Mintel's Answer to Advante's First Amended Complaint at 8-14 (Docket No. 11). Republicano, tasked with opining on the measure of actual compensatory damages suffered by Mintel, has offered a single figure that purportedly reflects damages flowing from all of these causes of action.[1] Republicano made no effort to estimate which alleged action caused which alleged damages. In fact, Mintel concedes that Republicano did not perform any causation analysis to assess the damages caused by any particular conduct or any particular claim. Opp. at 13:9-16. Further, Republicano testified that he could not provide any explanation as to what particular conduct caused what particular harm. Republicano Dep. 31:11-33:12.

---

[1] Republicano's Fed. R. Civ. P. 26(a)(2)(B) Report is attached to the Rodger R. Cole Declaration submitted in support of the opening brief on this motion as Exhibit B and Republicano's deposition testimony (cited herein as "Republicano Dep.") is attached to the same Cole declaration as Exhibit A.

PLAINTIFFS' REPLY BRIEF ISO ITS MOTION TO EXCLUDE EXPERTS   1   CASE NO. C 05-01022 JW (RS)

1   Implicit in this all or nothing, single damages figure approach is an assumption that Mintel
2   will succeed on all counterclaims.
3   On June 6, 2007 this Court disposed of Mintel's first and second counterclaims for breach
4   of contract and breach of the implied covenant of good faith and fair dealing. *See* Order Granting
5   Zhang's Motion For Summary Judgment on Mintel's First and Second Counterclaims (Docket
6   No. 481). Disposition of these claims defeats Republicano's assumption and renders his opinions
7   irrelevant.

## ARGUMENT

9    This Court has held that where a damages expert provides only a lump sum measure of
10  damages for several claims, the relevance and admissibility of that expert's testimony is
11  dependant on the success of those claims. In *02 Micro Intern. Ltd. v. Monolithic Power Systems,*
12  *Inc.*, O2 Micro's damages expert, Mr. Meyer, provided the jury with a lump sum damages
13  measure that did not separate out any measure of damages amongst that various asserted trade
14  secrets. 399 F.Supp.2d 1064, 1076-77 (N.D.Cal. 2005). Mr. Meyer testified that defendant, MPS,
15  was unjustly enriched by approximately $16 million based on the misappropriation of the asserted
16  trade secrets. *Id*. at 1076. The jury, however, found that only five of the eleven trade secrets were
17  misappropriated, and that only the misappropriation of one of them resulted in MPS being
18  unjustly enriched. *Id*.
19  Judge Wilken had warned O2 Micro at pretrial conference of the dangers of bundling all
20  of its alleged trade secrets damages together:

> [I]t seems to me that if Meyer is saying the damages are X dollars if
> they stole all our trade secrets, he can say that. But if the jury finds
> that he only stole 11 of them, then his testimony would be stricken
> and you would have no testimony because there'd be no basis upon
> which a jury could decide what the damages were from the theft of
> 11 secrets when they've heard testimony only about what the
> damages are from 12 secrets unless somehow he can say that no
> matter how many secrets are stolen, the same damages are accrued.

*Id*.

In the same pretrial conference, the Court again told O2 Micro that "you can have that
kind of damage evidence if you want to. I'm just warning you that if you do and you don't win on

1  all 12 of your trade secrets, you'll have no damages." *Id*. Then, in the Court's subsequent Pretrial
2  Order, the Court noted that "if O2 Micro fails to prove at trial any of the hypotheses upon which
3  Meyer relies, including use, his expert testimony will be stricken as irrelevant." *Id*.  After the jury
4  found that not all of the asserted trade secrets were misappropriated the Court held "Mr. Meyer's
5  expert testimony regarding damages … was useless to the jury." *Id.* at 1077.

6  Just as Mr. Meyer did in *O2 Micro*, Republicano has only provided one damages figure
7  that is dependant on the success of all of Mintel's claims.  Now that it is a certainty that Mintel
8  will not succeed on all of its claims, Republicano's opinion is useless to the jury and should be
9  excluded.

## CONCLUSION

11  Advante requests that this Court exercise its gatekeeper role and exclude Republicano's
12  report and related testimony in its entirety.

13  Dated: July 19, 2007                           FENWICK & WEST LLP

14                                                 By:   /s/ Ryan J. Marton
                                                            Ryan J. Marton

16                                                 Attorneys for Plaintiffs and Counterclaim
                                                    Defendants
17                                                 Advante International Corp. dba Vanteus
                                                    Academy, Yibin Vickie Zhang and Shin Wei