United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Advante International Corp., et al., | NO. C 05-01022 JW |
| Plaintiffs, | **ORDER DENYING MOTIONS TO EXCLUDE VARIOUS EXPERTS' TESTIMONY** |
| v. | |
| Mintel Learning Technology, Inc., et al., | |
| Defendants. | |

## I. INTRODUCTION

Advante International Corp. ("Advante") and Vickie Yibin Zhang ("Zhang") (collectively, "Plaintiffs") filed a complaint against Defendants and Counterclaimants Mintel Learning Technology, Inc. ("Mintel") and Ningyuan Wayne Yang ("Yang") (collectively, "Defendants"), seeking a declaratory judgment on issues of copyright infringement and misappropriation of trade secrets and alleging, *inter alia*, causes of action for trade libel and defamation. Defendants filed counterclaims against Plaintiffs, James Liu ("Liu"), and Shin Wei ("Wei") alleging, *inter alia*, copyright infringement and misappropriation of trade secrets.

Presently before the Court are the following motions:

(1) Plaintiffs' Motion to Exclude Testimony of Defendants' Experts Victor Republicano, Jr., and Gordon Pelton, (hereafter, "Motion," Docket Item No. 307);

(2) Defendants' Motion to Exclude the Updated Expert Report of David R. Perry, (hereafter, "Perry Motion," Docket Item No. 303); and

(3) Defendants' Motion to Exclude the Supplemental Expert Report of David Klausner, (hereafter, "Klausner Motion," Docket Item No. 299).

The Court found these motions appropriate for submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES the parties' motions to exclude various experts' testimony.

## II. BACKGROUND

Advante and Mintel compete in the English-learning industry, marketing services and software products for students of the English language. Mintel markets a software product called WordBuilder to students preparing for standardized tests like the SAT, TOEFL, ESL, and GRE examinations. Advante, doing business as Vanteus Academy, markets a software product called IvyLinx to students preparing for the SAT, PSAT, and AP examinations.[1]

On March 10, 2005, Plaintiffs initiated the current action, and on March 25, 2005, they filed a First Amended Complaint, alleging the following causes of action: (1) Declaratory Relief on the Issues of Copyright Infringement and Misappropriation of Trade Secrets against all Defendants; (2) Trade Libel against Mintel; and (3) Defamation against Yang. (See FAC.)

Defendants filed an Answer and Countercomplaint on May 6, 2005 alleging the following causes of action: (1) Breach of Contract and (2) Breach of the Implied Covenant of Good Faith and Fair Dealing against Zhang; (3) Fraud and (4) Breach of Fiduciary Duty against Zhang, Advante, and Liu; (5) Misappropriation of Trade Secrets against Zhang, Wei, Advante, and Liu; (6) Copyright Infringement against Zhang and Advante; and (7) Unjust Enrichment, (8) Civil Conspiracy, and (9) Unfair Competition against Zhang, Wei, Advante, and Liu. (See Countercomplaint.)

---

[1] (See First Amended Complaint for Declaratory Relief, Trade Libel, and Defamation ¶¶ 2-5, 11-20, hereafter, "FAC," Docket Item No. 5; Answer to the First Amended Complaint; Counterclaims for Breach of Contract, Fraud, Breach of Fiduciary Duty, Misappropriation of Trade Secrets, Copyright Infringement, Unjust Enrichment, Civil Conspiracy, and Unfair Competition; Demand for Jury Trial ¶ 45-47, hereafter, "Countercomplaint," Docket Item No. 11.)

2

1  Liu was voluntarily dismissed from the action on May 26, 2005. (See Notice of Voluntary
2  Dismissal, Docket Item No. 12.) Plaintiffs and Wei filed an Answer to Defendants' Counterclaims
3  on June 10, 2005. (See Docket Item No. 13.)

4  Presently before the Court are the parties' motions to exclude various experts' testimony.

### III. STANDARDS

When faced with a proffer of expert testimony, a district court must determine whether the testimony is both reliable and relevant. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993) ("Daubert I"). The court has broad discretion in assessing both requirements. See United States v. Alatorre, 222 F.3d 1098, 1100 (9th Cir. 2000).

The reliability requirement ensures "that an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). The offering party must show by a preponderance of the evidence (1) that the expert is qualified to render the opinion and (2) that the opinion offered has adequate support. Daubert I, 509 U.S. at 588-90. Expert testimony is not admissible if it is speculative. See Gen. Elec. v. Joiner, 522 U.S. 136, 146 (1997).

To satisfy the relevance requirement, the proffered expert testimony must assist the trier of fact in understanding or determining a fact in issue. Daubert I, 509 U.S. at 591. In assessing relevance, the court must look to the governing substantive legal standard. See Daubert v. Merrell Dow Pharms., Inc., 43 F.3d 1311, 1320 (9th Cir. 1995) ("Daubert II").

Rule 702 requires that a testifying expert be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The threshold for qualification is low, a minimal foundation of knowledge, skill, and experience suffices. Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1015-16 (9th Cir. 2004); see also Thomas v. Newton Int'l Enterprises, 42 F.3d 1266, 1269 (9th Cir. 1994).

## IV. DISCUSSION

**A.     Plaintiffs' Motion to Exclude Testimony of Victor Republicano**

Plaintiffs move to exclude the entire expert report of Defendants' damages expert, Victor Republicano ("Republicano") on the grounds that (1) Republicano failed to investigate and consider all relevant facts, (2) Republicano's damages estimates were speculative and unsupported by the evidence, (3) Republicano failed to establish a causal link between liability and his damages estimate, and (4) Republicano failed to disclose the bases for his opinions.  The Court proceeds to consider each contention in turn.

With respect to the first ground, Republicano calculated damages based on assumptions, taking into consideration some facts, excluding from consideration others.  A court's role is not to evaluate the correctness of an expert's assumptions, but to evaluate the methodology behind them.  Humetrix, 268 F.3d at 919.  Therefore, the Court finds that any alleged failure to investigate certain facts does not render Republicano's expert testimony inadmissible under Rule 702.

With respect to the second ground, Republicano formed assumptions based on the working experience of the business at issue, the past volume of the business, and other objective sources of information.  While Plaintiffs may disagree with these assumptions, the merits of the assumptions go to weight, not admissibility, and do not require exclusion.  See McGlinchy v. Shell Chem. Co., 845 F.2d 802, 807-08 (9th Cir. 1988).  Therefore, the Court finds that Republicano's estimate of past and future lost profits, revenue growth in China, and the expense rate are based on sufficient data within the meaning of Rule 702.

With respect to the third ground, Defendants' theory of liability is that Plaintiffs acted in a conspiracy to destroy Mintel's business and, by virtue of one or more of the wrongs alleged, succeeded.  Plaintiffs' contention that Republicano failed to allocate damages on the basis of a per-wrong or per-person liability addresses only the factual assumptions underlying Republicano's estimates.  Since the issues of liability have not been determined, it is premature to exclude Republicano's damages estimates based on his stated assumptions.  Therefore, the Court finds that

4

Republicano's failure to consider certain information goes to the weight of his expert testimony, but not its admissibility.

Lastly, rather than attempt to determine whether any portions of Republicano's testimony should be excluded in the context of the this motion because Republicano failed to disclose the bases for his opinions, the Court prefers to conduct a hearing to establish a set of ground rules for his testimony at trial.  At this time, the Court finds the total exclusion of Republicano's testimony as requested by Plaintiffs unwarranted.

Accordingly, the Court DENIES Plaintiffs' motion to exclude the testimony of Victor Republicano.

### B.     Plaintiffs' Motion to Exclude Testimony of Gordon Pelton

Plaintiffs move to exclude portions of the expert report by Defendants' computer expert, Gordon Pelton ("Pelton"), on the grounds that (1) Pelton's opinion does not concern scientific, technical, or specialized knowledge, and (2) Pelton's opinion is based on insufficient evidence. (Motion at 24-25.)  Defendants contend that Pelton's expertise is required to help the jury understand the importance of certain information embedded in Advante's computer software. (Motion at 2-3.)

With respect to the first issue, Pelton's opinion relates primarily to programming packages referencing U.S. Ivy and server information derived from an IP address hosting Advante's products. (Motion at 3.)  These pieces of information allegedly establish a link between Advante, the allegedly infringing work, and Liu's business, U.S. Ivy.  (Id.)  The Court finds that this information constitutes technical knowledge properly addressed by expert testimony.

With respect to the second issue, Plaintiffs contend that Pelton relied only on a few emails to form his opinion of a conspiracy between Liu and Plaintiffs.  Even if Plaintiffs' contention were true, it goes to the weight of the evidence and not its admissibility.  Thus, the Court finds that Pelton's opinions are based on sufficient objective sources.

5

1    Accordingly, the Court DENIES Plaintiffs' motion to exclude the testimony of Gordon
2 Pelton.

### C.     Defendants' Motions to Exclude David Perry and David Klausner's Reports

Defendants move to exclude the Updated Report of David R. Perry ("the Perry Report") and the Supplemental Expert Report of David Klausner ("the Klausner Report") on the grounds that they are untimely and improper. (See Perry Motion at 4, 7; Klausner Motion at 4, 6.) Plaintiffs contend that both reports were timely an properly disclosed.[2]

The first issue is whether Plaintiffs' submission of the Perry and the Klausner's eports failed to comply with the Scheduling Order in violation of Rule 16. Pursuant to Federal Rule of Civil Procedure 16, if a party fails to obey a scheduling or pretrial order, a court may issue an order prohibiting the disobedient party from introducing designated matters into evidence. Fed. R. Civ. P. 16(f), 37(b)(2)(B).

Under the Court's Scheduling Order and subsequent party stipulations, the deadlines for expert disclosures were set as follows:

| | | |
|---|---|---|
| (1) | Expert reports due: | August 31, 2006 |
| (2) | Rebuttal expert reports due: | September 14, 2006 |
| (3) | Close of discovery: | October 13, 2006 |

(See Docket Item Nos. 21, 129, 146.) By further stipulation, the parties agreed to extend the deadline for Plaintiffs' rebuttal damages expert report to September 21, 2006. (See Docket Item No. 153.) In addition, the Scheduling Order provided that "an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition." (Scheduling Order ¶ 9, Docket Item No. 21.) Klausner's deposition was taken on October 18, 2006. (Declaration of David Klausner ¶ 10, hereafter, "Klausner Decl.," Docket Item No. 361.) Perry's

---

[2] (See Advante International Corp.'s Consolidated Opposition to Mintel's Motion to Exclude the Supplemental Expert Report of David Klausner and Mintel's Motion to Exclude the Updated Expert Report of David R. Perry at 5, 10, hereafter, "Opposition," Docket Item No. 359.)

6

1 deposition was taken on February 8, 2007.  (Declaration of Rodger Cole ¶ 11, hereafter "Cole
2 Decl.," Ex. 6, Docket Item No. 360.)

3 Plaintiffs disclosed the Expert Report of David Klausner on August 31, 2006, the Rebuttal
4 Expert Report of David Klausner on September 14, 2006, and the Expert Report of David R. Perry
5 on September 21, 2006.  (See Perry Motion at 3; Opposition at 2.)  In addition, the Supplemental
6 Klausner Report was disclosed on October 12, 2006, six days before his deposition.  (See
7 Declaration of J. James Li, Ph.D., in Support of Mintel's Motion to Exclude Klausner Report ¶ 7,
8 hereafter "Li Decl.," Ex. F, Docket Item No. 300.)  The Updated Perry Report was disclosed on
9 February 6, 2007, one day before his deposition.  (See Perry Decl. ¶ 20; Cole Decl. ¶ 11, Ex. 6.)
10 Thus, the expert disclosures and supplemental disclosures complied with the applicable expert
11 discovery deadlines.  In the absence of a predicate violation of a scheduling or pretrial order, Rule
12 16 does not provide a basis for sanctions.

13 The second issue is whether the Perry and the Klausner's reports violated Federal Rule of
14 Civil Procedure 37(c) by failing to comply with requirements governing supplemental disclosures.
15 Defendants contend that the Perry and the Klausner's reports contain additional information known
16 to both parties in advance of the expert report dates.  (Perry Motion at 8; Klausner Motion at 4.)
17 Plaintiffs contend that the additional material relates to new information discovered after service of
18 the original expert reports.  (Opposition at 5, 10.)

19 Pursuant to Federal Rule of Civil Procedure 37(c)(1), a party who without substantial
20 justification fails to disclose information required by Rule 26(a) or 26(e)(1) is not, unless such
21 failure is harmless, permitted to use that information as evidence.  Fed. R. Civ. P. 37(c)(1).
22 However, Federal Rule of Civil Procedure 26(e)(1) places a duty on a party to supplement its
23 disclosures when the party learns that the information disclosed is incomplete or incorrect if the
24 additional or corrective information has not otherwise been made known to the other parties during
25 the discovery process.  Fed. R. Civ. P. 26(e)(1).

7

On and after September 14, 2006, Plaintiffs received new information and expert opinions from Defendants, including (1) Qi Yu's deposition testimony, (2) Mintel's tax returns, (3) operations memoranda and licensing agreements relevant to damages, (4) new opinions and corrections made to Defendants' software expert report in disclosures and depositions, and (5) new opinions elicited by Defendants' damage expert in deposition. The Court finds the supplemental reports do not contain information that had not otherwise been made known to the parties during the discovery process. In addition, given the volume of materials disclosed or discovered after the official discovery cut-off date, the Court declines to find that the supplemental reports were made without substantial justification.

Accordingly, the Court DENIES Defendants' motions to exclude the Perry and the Klausner's reports.

## V. CONCLUSION

The Court DENIES:

(1)  Plaintiffs' Motion to Exclude Testimony of Defendants' Experts Victor Republicano, Jr., and Gordon Pelton;

(2)  Defendants' Motion to Exclude the Updated Expert Report of David R. Perry; and

(3)  Defendants' Motion to Exclude the Supplemental Expert Report of David Klausner.

Dated: November 29, 2007

JAMES WARE
United States District Judge

8

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Anne Miki Ortel ortela@howrey.com
Christopher Banys banysc@howrey.com
J. James Li lij@howrey.com
Jamie A. Radack jradack@hayesdavis.com
Marilee Chan Wang wangm@howrey.com
Stephen P. Ellingson sellingson@hayesdavis.com

**Dated:  November 29, 2007**                     **Richard W. Wieking, Clerk**

                                               **By:   /s/ JW Chambers**
                                                         **Elizabeth Garcia**
                                                         **Courtroom Deputy**