IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Advante International Corp., et al., | NO. C 05-01022 JW |
| Plaintiffs,<br>v.<br>Mintel Learning Technology, Inc., et al.,<br>Defendants. | **ORDER DENYING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS, GRANTING ATTORNEY FEES AND COSTS** |

## I. INTRODUCTION

Advante International Corp. ("Advante") and Vickie Yibin Zhang (collectively, "Plaintiffs") filed this action against Mintel Learning Technology, Inc. ("Mintel") and Ningyuan Wayne Yang (collectively, "Defendants"), seeking a declaratory judgment on issues of copyright infringement and misappropriation of trade secrets and alleging, *inter alia*, causes of action for trade libel and defamation. Defendants filed counterclaims against Plaintiffs, James Liu, and Shin Wei alleging, *inter alia*, copyright infringement and misappropriation of trade secrets.

Presently before the Court is Defendants' Motion for Terminating Sanctions. The Court found the motion appropriate for submission without oral argument.[1] See Civ. L. R. 7-1(b). Based

---

[1] Plaintiffs have recently filed and noticed for hearing on February 4, 2008 a Motion for Terminating Sanctions and for Attorney Fees against Defendants. (See Docket Item No. 632.) In conjunction, Plaintiffs also filed an Administrative Motion to Coordinate Hearings on the Parties' Motions for Sanctions. (See Docket Item Nos. 692, 693.) In light of the disposition in this Order, the Court DENIES Plaintiffs' administrative motion to coordinate the hearings.

on the papers submitted to date, the Court DENIES Defendants' Motion for Terminating Sanctions and GRANTS Defendants an award of the attorney fees and costs.

## II. BACKGROUND

The full background of this case may be found in the Court's June 6, 2007 Order. (See Docket Item No. 481.) The background relevant to this motion is as follows:

On October 4, 2006, Defendants filed what was essentially their third attempt to obtain the right to image the hard drives of Advante's servers for the purposes of discovering relevant documents. (See Docket Item No 162.) Defendants' motion contained supporting documentation that suggested emails produced by Plaintiffs had been altered, and that unaltered copies had not been produced. (Id.) In Orders dated June 29, 2006, and July 21, 2006,[2] Judge Seeborg rejected Defendants' contentions that such discovery was warranted. However, in his November 21, 2006 Order, Judge Seeborg found "sufficient questions exist, not only with respect to these emails but also with respect to other discrepancies in Advante's discovery responses, such that a forensic examination of Advante's hard drives is warranted." (hereafter, "Nov. 21 Order," Docket Item No. 209.)

Defendants' disk inspection revealed several more emails that appear to be have been altered, and correspondence suggesting that James Liu had a more concrete relationship with Plaintiffs than they had previously represented. (Declaration of James Li in Support of Defendants' Motion for Terminating Sanctions, hereafter, "Li Decl.," Exs. 2, 3, 6, Docket Item No 594.)

Presently before the Court is Defendants' Motion for Terminating Sanctions against Plaintiffs for the alleged litigation misconduct that was revealed by the disk inspection.[3]

---

[2] (Docket Item Nos. 122, 134.)

[3] (Defendants' Motion for Sanctions against Plaintiffs for Fraudulent Litigation Conduct; Request for Dismissal of Plaintiffs' Claims, for Default Judgment on Defendants' Counterclaims, and for Attorney Fees and Costs, hereafter, "Motion," Docket Item No. 632.)

2

### III.  STANDARDS

A terminating sanction is a very severe remedy that is only rarely awarded. Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).  A court must make findings with respect to the "willfulness, bad faith, and fault" of a party before granting terminating sanctions under its inherent authority.  Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003).  The Ninth Circuit also requires courts to consider the following five factor test before granting terminating sanctions under the Rule 37(b)(2): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Id.

### IV.  DISCUSSION

Defendants move for terminating sanctions on the grounds that Plaintiffs engaged in fraudulent litigation conduct and concealed their relationship with James Liu, Mintel's former CEO. (Motion at 1.)

The first issue is whether Defendants have shown that Plaintiffs acted with "willfulness, bad faith, and fault."  Defendants contend the Court should infer that Plaintiffs intentionally altered certain emails before producing them and that they purposely withheld evidence.  (Motion at 27.) Plaintiffs contend that there are reasonable explanations for the presence of altered emails. (Plaintiffs' Opposition to Defendants' Motion for Sanctions at 25, Docket Item No. 615.)  As Judge Seeborg noted in his previous order, the presence of altered emails and discrepancies in discovery responses were enough to suggest at least some bad faith on the part of Plaintiffs.  (See Nov. 21 Order at 2.)

Accordingly, the Court proceeds to consider whether the circumstances of this case meet the five factors outlined above.

3

**A.     The Public's Interest in Expeditious Resolution of Litigation**

In examining the public's interest factor, the Court considers that the public would benefit from an expeditious resolution of this litigation. However, the facts in this case do not rise to the level of repeated gross misconduct that other courts have found warranted terminating sanctions.[4] Here, neither Judge Seeborg nor this Court have found Plaintiffs to be in direct violation of discovery orders or to have destroyed evidence. Moreover, trial dates and deadlines have not been substantially delayed by the disk inspection. Thus, an award of terminating sanctions here would not result in a more expeditious resolution of this litigation.

**B.     The Court's Need to Manage Its Dockets**

The Court, in its discretion, does not find that the economies achieved by ending this case without further motion practice or a trial are outweighed by the other four factors, which suggest terminating sanctions are unwarranted.

**C.     The Risk of Prejudice to the Party Seeking Sanctions**

In examining the risk of prejudice to the party seeking sanctions, a critical criterion is whether misconduct penalized relates to matters in controversy "in such as way as to interfere with the rightful decision of the case." Halaco Engineering Co. v. Costle, 843 F.2d 376, 381 (9th Cir. 1988). For instance, sanctions are appropriate when a party's conduct makes it "impossible for a court to be confident that the parties will ever have access to the true facts." See General Life, 482 F.3d at 1097.

In this case, Defendants have failed to make a credible allegation that they will not have access to the facts necessary to prove their case. Defendants have not proffered evidence that Plaintiffs destroyed any relevant documents; rather, they allege that documents were inappropriately withheld from them. While it may be true that Plaintiffs made an error in judgment in withholding,

---

[4] See, e.g., General Life, 482 F.3d 1091 (awarding terminating sanctions after the defendants intentionally misrepresented dates on court filings and repeatedly failed to comply with orders compelling discovery); Jorgensen, 320 F.3d at 912 (striking a defendants' answer and awarding a default after defendants failed to produce documents in willful disobedience of a discovery order).

for instance, evidence of certain sound files on Advante's servers or prior versions of certain emails,[5] Defendants have not been prejudiced because they have now received those documents pursuant to the Judge Seeborg's November 21, 2006 Order. The only viable contention of prejudice that Defendants clearly outline for the Court are the costs of pursuing and conducting the disk inspection. The Court finds these costs do not result in the kind of prejudice which warrants the award of terminating sanctions.

**D.     The Public Policy Favoring Disposition of Cases on Their Merits**

In examining the public policy favoring disposition of cases on their merits, the Court considers how closely the complained of discovery abuse relates to the central issues of this case. Arguments presented in Defendants' motion suggest that Plaintiffs' misconduct is part of a conspiracy to conceal the relationship that James Liu had with Plaintiffs. (See Motion 4-20.) Since Mr. Liu has been dismissed from this case, the evidence of any such conspiracy is not of central importance to the litigation. At most, the documents that allegedly display this conspiracy would provide circumstantial evidence to support some of Defendants' counterclaims and defenses but would be irrelevant to others. Thus, the Court finds awarding terminating sanctions would prevent the case from being decided on its merits.

**E.     The Availability of Less Drastic Sanctions**

In examining the availability of less drastic sanctions, the Court considers the factor's sub-parts, which are "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Valley Eng'rs v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998). In this case, the Court has not yet considered or tried less drastic sanctions. More importantly, the Court has not warned either Plaintiffs or Defendants about the possibility of case-dispositive sanctions.

In sum, these factors do not weigh in favor of the Court granting terminating sanctions against Plaintiffs. While there is evidence that Plaintiffs have inappropriately withheld relevant

---

[5]  (Li Decl., Exs. 2, 3, 6.)

documents, their conduct does not rise to the level of gross misconduct or disregard for court orders. Since the only real prejudice that Defendants can point to is the costs of the disk inspection, the Court finds that the award of lesser sanctions is the appropriate remedy in this case.

## V.  CONCLUSION

The Court DENIES Defendants' Motion for Terminating Sanctions and GRANTS Defendants an award of the attorney fees and costs that they incurred in moving to compel and conducting the disk inspection of Advante's servers.  In addition, Defendants shall recover fees and costs incurred in bringing this motion for termination sanctions.  Defendants shall notice their motion for attorney fees and costs before Judge Seeborg since he presided over the discovery dispute at issue.

The hearing presently scheduled for December 3, 2007 is VACATED.  The Court sets a Preliminary Pretrial Conference for **January 14, 2008 at 11 A.M.**  Pursuant to the Civil Local Rules of Court, the parties shall meet and confer, and file a Joint Preliminary Pretrial Statement.  The statement shall inform the Court of the parties' readiness for trial.

Dated:  November 29, 2007

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Anne Miki Ortel ortela@howrey.com
Christopher Banys banysc@howrey.com
J. James Li lij@howrey.com
Jamie A. Radack jradack@hayesdavis.com
Marilee Chan Wang wangm@howrey.com
Stephen P. Ellingson sellingson@hayesdavis.com

**Dated:  November 29, 2007**                                    Richard W. Wieking, Clerk

                                                                 **By:   /s/ JW Chambers
                                                                         Elizabeth Garcia
                                                                         Courtroom Deputy**