IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ADVANTE INTERNATIONAL CORP, et al.,

    Plaintiffs,

v.

MINTEL LEARNING TECHNOLOGY, et al.,

    Defendant.

NO. C 05-01022 JF (RS)

**ORDER DENYING PLAINTIFFS' MOTION SEEKING RETURN OF INADVERTENTLY PRODUCED DOCUMENT AND GRANTING DEFENDANTS' COUNTER MOTION**

## I. INTRODUCTION

In response to a prior Court order authorizing a forensic examination of hard drives belonging to plaintiff Advante International, Corp., the parties stipulated to a process by which those drives were analyzed by a neutral third party–LECG. Under the agreed-to process, LECG provided documents to defendant Mintel Learning Technology only after Advante's then-counsel, Fenwick & West, reviewed the documents for attorney-client privilege or work product doctrine-protected information.

The motions presently before the Court relate to a single document produced as part of that process. Document No. 18219 undisputedly is a draft of interrogatory responses containing a suggested "redline" edit proposed by Advante's principal Shin Wei. Advante moves to require Mintel to return the document as inadvertently produced, and Mintel moves for a determination that the document is not privileged or subject to work product protection. For the reasons set out below,

1

Advante's motion will be denied. and Mintel's motion will be granted.

## II. BACKGROUND[1]

This action arises from Mintel's contentions that Advante misappropriated Mintel's intellectual property. In particular, Mintel contends that its own former president, James Liu, worked with Advante to develop the software that Mintel contends infringes its rights.

From the outset of this litigation, Advante has never denied that it had some sort of cooperative relationship with Liu–it only denied that Liu was involved in the development of Advante's software at a time or in a manner that would be actionable. In an order entered on November 21, 2006, however, the Court observed that: "there is evidence that copies of emails were altered at some point in time in a manner that arguably served to downplay or even conceal a relationship between Advante and James Liu, and the extent to which Liu may have worked with Advante to develop the products at issue in this action." As a result of that evidence, the Court ordered the parties to meet and confer to agree on a protocol for a forensic examination of Advante's hard drives.

To the parties' credit, they reached agreement without further Court intervention as to how that examination would proceed. As noted above, the present motions arise from one particular document that was produced under that agreed-to procedure. The document in dispute was apparently found in the "My Documents" folder on the hard drive of a laptop computer belonging to Vickie Zhang of Advante. The document appears to be a draft response to an interrogatory propounded by Mintel seeking information as to any business dealings between Liu and Advante, or Advante's principals. The response Advante *served* in this action stated that Liu was involved in "(1) recruiting of development and support engineers in China, and (2) translation and interpretation for the engineering team from English to Chinese of some design documents and specifications written in the United States by Advante" The draft response contained an additional "redline" clause, apparently proposed by Advante principal Shin Wei, that would have described Liu as

---
[1] The general background of this action has been set forth in many prior orders issued by the undersigned and by the presiding judge and will not be repeated here .

2

1 having also engaged in "(3) management of the engineering team in China, which developed the
2 online English learning programs."[2]

3 Mintel introduced the draft response as an exhibit during the continued deposition of Shin
4 Wei. Counsel for Advante immediately objected that it appeared to be an inadvertently-produced
5 attorney-client communication and stated an intent to investigate further. Counsel nevertheless
6 allowed some questioning regarding the document to proceed. Twelve days later, Advante made a
7 written demand for return of the document based on the contention that it was privileged and had
8 been produced inadvertently.

## III. DISCUSSION

### A. Ethical obligations

Advante asserts that Mintel's attorneys violated any number of their ethical obligations when they: (1) did not immediately notify Advante that the document had been produced, (2) used the document in deposition, and (3) subsequently refused to return the document.

Mintel argues that its counsel had no reason to believe the document was privileged or otherwise protected. Under all of the circumstances, that position does not appear to be wholly unreasonable, given that there was no clear indication that the document had been transmitted between Advante and its counsel. The fact that it took Advante's counsel twelve days to demand return of the document after becoming aware of it also tends to support Mintel's contention that it was not immediately apparent that a privileged document had been inadvertently produced.

Advante's insistence that Mintel was obligated to return the document immediately upon Advante's demand arguably is supported by language in the stipulated protective order, but Mintel's refusal to do so is not necessarily an ethical breach.[3] Mintel asserts that it sequestered the document

---

[2] Although Mintel has not provided direct evidence of this, there appears to be no dispute that when the document is opened in Microsoft Word, it shows the redlined changes as having been made by Shin Wei. While that does not *prove* the changes were in fact entered by Wei personally, it shows they were made by someone logged into the computer under his name.

[3] The protective order calls for return of any documents upon demand, but it also expressly permits challenges to a claim of privilege. While the better reading of the order is that it contemplates the disputed material will be returned to the producing party while the challenge is

3

once Advante demanded its return, and that it has not accessed it since that time other than to provide a copy to the Court for possible *in camera* review. Mintel is correct that in a prior instance of inadvertently produced materials, the Court did *not* order those materials to be returned immediately. Rather, the Court ordered Mintel to sequester the discs in issue. The Court ordered the immediate return of those discs to Advante only when a subsequent issue arose as to whether Mintel had complied with the Court's order forbidding it from accessing the discs.[4] Thus, even assuming the terms of the protective order required Mintel to return the document to Advante upon demand, it does not appear that Mintel's counsel violated any independent ethical obligation by instead sequestering the document pending the outcome of these motions.

That said, Mintel has now on several occasions unilaterally declared various materials to be subject to production, based on its own legal or factual conclusions that waiver had occurred or that an exception to attorney-client privilege applied. In some instances, the Court has ultimately agreed with Mintel, in others it has not. In all instances, the dispute has become more contentious than it need be. Accordingly, to minimize any future conflicts, it is hereby ordered that:

1. When a party discovers that any document has been produced that bears *any* indicia that it may *potentially* be subject to a claim of attorney-client privilege or work product protection, the producing party shall be informed *immediately* and the document shall be returned to the producing party immediately upon request.

2. The provisions of the protective order relating to challenging claims of privilege or work product protection remain in effect, and the producing party will be expected to re-produce any document as to which a challenge has been upheld immediately upon any such Court ruling.

### B. The Document

There can be no real dispute that to the extent Advante and its counsel were exchanging draft

---

pending and then re-produced if the challenge is successful, it is not wholly inconsistent with the protective order to permit the receiving party to retain materials while the challenge is being adjudicated.

[4] Because the Court took the motions then-pending under submission without hearing, Mintel's counsel has not addressed the apparent violation of the order forbidding access to the discs.

4

responses to written discovery, those drafts ordinarily would be protected by attorney-client privilege, the work-product doctrine, or both. Here, however, the document at issue is one that appears to differ from discovery responses produced in this action only to the extent that the *client* drafted proposed changes that were not incorporated in the final version of the responses. The critical question, therefore, is whether the document in this form was ever transmitted from Advante to its counsel. To meet its burden[3] to show that the document *was* transmitted from Advante to its then-counsel, Advante offers the declarations of attorney Rodger Cole and Shin Wei. Cole's declaration, however, makes *no* representation that this particular document was ever transmitted to him or to his law firm. Rather, Cole declares only that the document was inadvertently produced.

Wei's declaration asserts that "draft responses" with his comments were transmitted to Advante's attorneys, but Wei makes no specific representation that the particular document in dispute was ever transmitted to counsel. In light of Wei's testimony that the responses went through several iterations, his declaration that drafts were sent to counsel is insufficient to establish that *this* draft was ever sent to counsel.

Advante argues that it should not be required to disclose *additional* attorney-client communications to show that this document was transmitted to its counsel. Indeed, Advante would not be expected to disclose the substance of any "cover letter" or "cover email," if such document exists. It would not infringe on the attorney-client privilege, however, for Advante's former counsel to provide a declaration expressly stating, for example, that upon reviewing the file it appears that the document in dispute was received by counsel on a particular date. Because Advante failed to provide such evidence or other evidence sufficient to show that the document in dispute was ever transmitted from client to attorney, Advante has not met its burden to show the document is privileged.

---

[3] "[T]he burden of proving that the attorney-client privilege applies rests not with the party contesting the privilege, but with the party asserting it." *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).

5

## IV. CONCLUSION

For the reasons set forth above, Mintel's motion for a determination that Document No. 18219 is not privileged or subject to work product protection is GRANTED, and Advante's motion seeking return of that document is DENIED. Mintel, however, shall continue to sequester the document pending the expiration of the period allowed to object to this order, until the presiding judge has ruled on any such objection, or it has been deemed denied by operation of Civil Local Rule 72-2.

IT IS SO ORDERED.

Dated: January 8, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER
C 05-01022 JF (RS)

6

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Christopher Banys     banysc@howrey.com, melendyk@howrey.com

Stephen P. Ellingson     sellingson@hayesdavis.com, abowman@hayesdavis.com

J. James Li     lij@howrey.com, ervinl@gtlaw.com, schwabs@howrey.com, sflitigationdocketing@howrey.com, wangm@howrey.com

Anne Miki Ortel     ortela@howrey.com, melendyk@howrey.com

Jamie A. Radack     jradack@hayesdavis.com, abowman@hayesdavis.com

Marilee Chan Wang     wangm@howrey.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 1/8/08**                                      **Richard W. Wieking, Clerk**

                                                       **By:     Chambers**

ORDER
C 05-01022 JF (RS)