STEPHEN P. ELLINGSON (SBN 136505)
sellingson@hayesdavis.com
JAMIE A. RADACK (SBN 221000)
jradack@hayesdavis.com
HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
203 Redwood Shores Pkwy., Ste. 480
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Plaintiffs and Cross-Defendants
ADVANTE INTERNATIONAL CORP., dba VANTEUS ACADEMY,
Yibin Vickie Zhang and Shin Wei

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANTE INTERNATIONAL CORP., dba VANTEUS ACADEMY, an Illinois Corporation, and YIBIN VICKIE ZHANG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MINTEL LEARNING TECHNOLOGY, INC., a California Corporation, and NINGYUAN WAYNE YANG, an individual,<br><br>Defendants. | CASE NO. C05-01022 JW (RS)<br><br>**ADVANTE'S OBJECTIONS TO THE DECLARATIONS OF J. JAMES LI AND NINGYUAN WAYNE YANG IN SUPPORT OF MINTEL'S OPPOSITION TO ADVANTE'S MOTION FOR SANCTIONS**<br><br>**Date:** February 4, 2008<br>**Time:** 9:00 a.m.<br>**Dept:** Courtroom 8, 4th Floor<br>**Judge:** Hon. James Ware |
| AND RELATED COUNTERCLAIMS | |

Plaintiffs and counterclaim defendants Advante International Corp. dba Vanteus Academy and Yibin Vickie Zhang and counterclaim defendant Shin Wei ("Advante") hereby submit their objections to the Declarations of J. James Li and Ningyuan Wayne Yang submitted in support of defendant and counterclaim plaintiff Mintel Learning Technology, Inc.'s ("Mintel") opposition to Advante's motion for terminating sanctions.

**I.**
**LEGAL AUTHORITIES SUPPORTING ADVANTE'S OBJECTIONS**

Advante objects to specific statements in the Declarations below. First, however, Advante

156941 - 1 -

ADVANTE'S OBJECTIONS TO THE DECLARATIONS OF J. JAMES LI AND NINGYUAN WAYNE YANG ISO MINTEL'S
OPPOSITION TO ADVANTE'S MOTION FOR SANCTIONS - CASE NO. C05-01022 JW (RS)

sets forth the legal authorities in support of its evidentiary objections.

### A. Evidence Must Be Admissible At Trial

As a threshold matter, with a few exceptions that do not apply here, evidence submitted in support of a motion must be admissible at trial. *Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc.* 252 F.Supp.2d 917, 923 (D. Ariz. 2003); *Beyene v. Coleman Security Services, Inc.* 854 F2d 1179, 1181(9th Cir. 1988); see also N.D. Cal. Civil L.R. 7–5(b). Therefore, the Supplemental Declaration and exhibits attached thereto must be admissible in order for Mintel to rely on them in support of its motion for sanctions. If any part of the Supplemental Declaration or exhibits is deemed inadmissible for any reason, they will be disregarded by the Court.

### B. Hearsay

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Hearsay is inadmissible unless it is defined as non-hearsay under Fed.R.Evid. 801(d) or falls within a hearsay exception under Fed.R.Evid. 803, 804 or 807. Fed.R.Evid. 802. Where evidence submitted in support of a motion constitutes inadmissible hearsay, it will be stricken. *Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc. supra*, 252 F.Supp.2d at 926.

### C. Lack of Personal Knowledge

Federal Rules of Evidence 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed.R.Evid. 602. Thus, in order for evidence to be admissible, regardless of its source, proper foundation must be laid. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir.2001) ("A plaintiffs belief... without evidence supporting that belief, is no more than speculation or unfounded accusation ....[Plaintiff] failed to show personal knowledge. It is not enough for a witness to tell all she knows; she must know all she tells.")

### D. Unauthenticated Documents

Documentary evidence is only admissible if it is authenticated. Fed.R.Evid. 901, 902. Thus, if a document has not been properly authenticated, it will not be admissible as evidence in support of a motion. *Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc. supra*, 252

F.Supp.2d at 925.

**E.     Relevance**

Federal Rule of Evidence 401 provides that "[e]vidence which is not relevant is not admissible." Fed.R.Evid. 402. Relevant here, to succeed on a motion for terminating sanctions, Mintel must establish a nexus between the alleged misconduct by Advante and the ability to ultimately reach a rightful decision in the case: "The most critical criterion for the imposition of a dismissal sanction is that the misconduct penalized must relate to matters in controversy in such a way as to interfere with the rightful decision of the case." *Halaco Eng'g Co. v. Costle,* 843 F.2d 376, 381 (9th Cir. 1988). Further, dismissal as "a sanction for a deception of the court on a matter wholly unrelated to the merits of the controversy is inconsistent with the requirements of due process." *Phoceene Sous-Marine, S.A.,* 682 F.2d 802, 806 (9th Cir. 1982).

**F.     Conclusory Statements**

The Northern District Civil Local Rules prohibit parties from relying on conclusions and argument in their declarations. Civil L.R. 7-5(b). As such, conclusory and argumentative statements may not be relied upon in supporting a motion. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 3192 (1990).

## II.
## ADVANTE OBJECTS TO THE FOLLOWING PORTIONS OF THE DECLARATION OF J. JAMES LI AND REQUESTS THAT THEY BE STRICKEN

Based on the foregoing authorities, Advante objects to the Declaration of J. James Li (The Declaration") and requests that they be stricken as follows:

1.     Advante objects to ¶ 2 of the Declaration on the grounds that it lacks foundation insofar as it asserts, without any citation to any evidence, that Fenwick "treated the production with recklessness" and failed to properly review the documents for privilege or do any "quality check" after they received the disks from LECG. Fed.R.Evid. 602.

It is further objected to on the grounds that the matter asserted is entirely irrelevant to any matter in controversy. Fed.R.Evid. 402.

It is further objected to on the grounds that it is impermissibly argumentative and conclusory insofar as it accuses Fenwick of reckless conduct. Civil. L.R. 7-5(b).

156941                                    - 3 -

2. Advante objects to ¶ 5 of the Declaration on the grounds that it is impermissibly conclusory and argumentative insofar as Li argues that Fenwick failed to properly support its claim of privilege in the inadvertently produced documents. Civil L.R. 7-5(b).

3. Advante objects to ¶ 6 on the grounds that it lacks foundation insofar as Li accuses Advante of misconduct with relation to the disk inspection or the inadvertently produced documents, without citation to any evidence. Fed.R.Evid. 602.

It is further objected to on the grounds that it impermissibly argumentative and conclusory insofar as Li argues that Advante was guilty of any misconduct in relation to the disk inspection and the inadvertently produced documents. Civil L.R. 7-5(b).

4. Advante objects to ¶ 8 on the grounds that it is impermissibly conclusory and argumentative insofar as Li argues and concludes that Advante intentionally delayed replacing the 5/1 Production disks for an improper purpose. Civil L.R. 7-5(b).

5. Advante objects to ¶ 9 on the grounds that it is impermissibly conclusory and argumentative insofar as Li argues and concludes that Advante intentionally delayed replacing the 5/1 Production disks for an improper purpose. Civil L.R. 7-5(b).

6. Advante objects to ¶ 10 on the grounds that it lacks foundation insofar as it asserts that Advante "admitted the non-privileged nature, but still refus[ed] to produce them in time for Mintel's opposition brief." This statement misrepresents the emails. Fed.R.Evid. 602.

It is further objected to on the grounds that it is impermissibly conclusory and argumentative insofar as Li argues and concludes that Advante intentionally delayed replacing the 5/1 Production disks for an improper purpose. Civil L.R. 7-5(b).

7. Advante objects to ¶ 11 on the grounds that it lacks foundation insofar as it asserts that Advante "was at its old stalling game again" without citation to any evidence. Fed.R.Evid. 602.

It is further objected to on the grounds that it is impermissibly conclusory and argumentative insofar as Li argues and concludes that Advante intentionally delayed replacing the 5/1 Production disks for an improper purpose. Civil L.R. 7-5(b).

156941 - 4 -

ADVANTE'S OBJECTIONS TO THE DECLARATIONS OF J. JAMES LI AND NINGYUAN WAYNE YANG ISO MINTEL'S OPPOSITION TO ADVANTE'S MOTION FOR SANCTIONS - CASE NO. C05-01022 JW (RS)

8. Advante objects to ¶ 12 on the grounds that it lacks foundation insofar as it asserts that "Fenwick had determined that the documents contained no privileged or confidential information and should be produced without any confidentiality designation." Fed.R.Evid. 602.

It is further objected to on the grounds that it is impermissibly conclusory and argumentative insofar as Li argues that Fenwick determined that the document was not confidential or privileged, when, in fact, it was inadvertently produced. Civil L.R. 7-5(b).

9. Advante objects to ¶ 13 on the grounds that it lacks foundation insofar as it not relevant to any matter in controversy. Advante does not dispute that Mintel cancelled its email service and caused the deletion of its emails prior to January 2005. Fed.R.Evid. 402.

10. Advante objects to ¶ 14 to the extent that it relies on inadmissible hearsay. Fed.R.Evid. 802.

11. Advante objects to ¶ 15 to the extent that it relies on inadmissible hearsay. Fed.R.Evid. 802.

12. Advante objects to ¶ 16 on the grounds that it lacks foundation insofar as it draws an analysis between the disk inspection, which was a document production by a party to the lawsuit, and the subpoena of iPowerWeb, a third-party, without citation to any evidence. Fed.R.Evid. 602.

It is further objected to on the grounds that the matter asserted is entirely irrelevant to any matter in controversy. Fed.R.Evid. 402.

It is further objection to on the grounds that it is impermissibly conclusory and argumentative insofar as the entire statement argues that Advante somehow acted unreasonably. Civil L.R. 7-5(b).

13. Advante objects to ¶ 17 on the grounds that it is entirely irrelevant to any matter in controversy. Fed.R.Evid. 402.

It is further objection to on the grounds that it is impermissibly conclusory and argumentative insofar as the entire statement argues that Advante has improperly subpoenaed documents in violation of Judge Seeborg's order. Civil L.R. 7-5(b).

14. Advante objects to ¶ 20 to the extent that it relies on inadmissible hearsay. Fed.R.Evid. 802.

156941

- 5 -

15. Advante objects to Exhibit 21 on the grounds that it lacks foundation and is unauthenticated. Fed.R.Evid. 602, 901, 902.

## III.
## ADVANTE OBJECTS TO THE FOLLOWING PORTIONS OF THE DECLARATION OF NINGYUAN WAYNE YANG AND REQUESTS THAT THEY BE STRICKEN

Based on the foregoing authorities, Advante objects to the Declaration of Ningyuan Wayne Yang (The Declaration") and requests that they be stricken as follows:

1. Advante objects to ¶ 2 of the Declaration on the grounds that it appears to be an attempt to rebut the authentication of Mintel's own evidence being submitted in support of its opposition to Advante's motion for sanctions. It is simply illogical that Mintel would want to inferentially object to its own evidence.

2. Advante objects to ¶ 3 of the Declaration on the grounds that that it is impermissibly conclusory and argumentative insofar as Yang argues that and concludes that "this letter does not change anything." Civil L.R. 7-5(b).

3. Advante objects to ¶ 4 on the grounds that it lacks foundation insofar as it is contradicted by the evidence establishing that the letter was not "sent out way after the service had been terminated, purely for the purpose of stopping credit card billings." Fed.R.Evid. 602.

4. Advante objects to ¶ 5 on the grounds that it lacks foundation insofar as it attempts to accuse James Liu of tampering with Mintel's email, without any citation to evidence. Fed.R.Evid. 602.

It is further objected to on the grounds that it is impermissibly conclusory and argumentative insofar as Yang argues and concludes that James Liu caused Mintel's email system to malfunction. Civil L.R. 7-5(b).

Dated: January 18, 2008

HAYES DAVIS BONINO ELLINGSON
McLAY & SCOTT, LLP

By: _____
STEPHEN P. ELLINGSON
JAMIE A. RADACK
Attorney for Defendants
ADVANTE INTERNATIONAL CORP., SHIN WEI and YIBIN VICKIE ZHANG

156941

- 6 -

ADVANTE'S OBJECTIONS TO THE DECLARATIONS OF J. JAMES LI AND NINGYUAN WAYNE YANG ISO MINTEL'S OPPOSITION TO ADVANTE'S MOTION FOR SANCTIONS - CASE NO. C05-01022 JW (RS)