**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Advante International Corp., et al.,<br><br>      Plaintiffs,<br>  v.<br>Mintel Learning Technology, Inc., et al.,<br><br>      Defendants. | NO. C 05-01022 JW<br><br>**ORDER DENYING (1) PLAINTIFFS' MOTION FOR TERMINATING SANCTIONS AND ATTORNEY FEES AND (2) DEFENDANTS' MOTION FOR RULE 11 SANCTIONS** |

Advante International Corp. ("Advante") and Vickie Yibin Zhang (collectively, "Plaintiffs") filed this action against Mintel Learning Technology, Inc. ("Mintel") and Ningyuan Wayne Yang (collectively, "Defendants"), seeking a declaratory judgment on issues of copyright infringement and misappropriation of trade secrets and alleging, *inter alia*, causes of action for trade libel and defamation. Defendants filed counterclaims against Plaintiffs, James Liu, and Shin Wei alleging, *inter alia*, copyright infringement and misappropriation of trade secrets.

Presently before the Court are (1) Plaintiffs' Motion for Terminating Sanctions and Attorney Fees (hereafter, "Plaintiffs' Motion," Docket Item No. 632); and (2) Defendants' Motion for Rule 11 Sanctions (hereafter, "Defendants' Motion," Docket Item No. 731). In these motions, each party makes various contentions regarding the litigation conduct of the other in the parties' ongoing discovery disputes.

**United States District Court**
For the Northern District of California

1  The Court found these motions appropriate for submission without oral argument. <u>See</u> Civ.
2  L. R. 7-1(b). Based on the papers submitted to date, the Court DENIES the parties' various motions.
3  Plaintiffs move for terminating sanctions on the grounds that Defendants have not complied
4  with several orders of Magistrate Judge Richard Seeborg and have thwarted certain discovery
5  efforts. (Plaintiffs' Motion at 3, 10.) While it may be true that Defendants have failed to fully
6  comply with certain discovery orders, Plaintiffs have not shown that any prejudice resulted from the
7  Defendants' conduct. (<u>See</u> June 18, 2007 Order, Docket Item No. 497; July 2, 2007 Order, Docket
8  Item No. 539.) Plaintiffs also contend that Defendants willfully violated a protective order by
9  refusing to return a "privileged communication." However, on January 8, 2008, Judge Seeborg
10 found that the document was not privileged.[1] The conduct Plaintiffs complained of does not rise to a
11 level which meets the standard for terminating sanction previously articulated by the Court. (<u>See</u>
12 Docket Item No. 716.)  Many, if not all, of these issues in these motions have already been
13 addressed by Judge Seeborg in his orders. (<u>See, e.g.</u>, Docket Item Nos. 209, 497, 539, 734.) These
14 orders describe and address misconduct by each party at various stages in this litigation. (<u>Id.</u>)
15  Defendants move for Rule 11 sanctions on the ground that Plaintiffs' terminating sactions
16 motion is without merits. (Defendants' Motion at 2.) Since the parties have been engaged in
17 ongoing discovery disputes, and Defendants have engaged in some misconduct in their own right,
18 the Court finds that Plaintiffs' motion is not in violation of Rule 11.
19  Accordingly, the Court DENIES (1) Plaintiffs' Motion for Terminating Sanctions and
20 Attorney Fees; and (2) Defendants' Motion for Rule 11 Sanctions. The parties shall bear their own
21 costs in bringing these motions. The Court will not entertain further sanctions motions regarding
22 these past discovery disputes. Any further sanctions motions with respect to future discovery

---

[1] (<u>See</u> Docket Item No. 734.) Plaintiffs object to this finding. (<u>See</u> Docket Item No. 760.) The Court finds Judge Seeborg's ruling that the alleged inadvertent disclosure was not privileged is neither contrary to law or clearly erroneous. Accordingly, the Court OVERRULES Plaintiffs' objection.

2

misconduct are referred to Judge Seeborg as he has been the presiding Judge over the parties' many disputes.

In light of this Order, the February 4, 2008 hearing on these motions is VACATED. This Order terminates Docket Item Numbers 632, 640, 696, 731, and 752.

Dated: January 25, 2008

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Anne Miki Ortel ortela@howrey.com
Christopher Banys banysc@howrey.com
J. James Li lij@gtlaw.com
Jamie A. Radack jradack@hayesdavis.com
Marilee Chan Wang wangm@howrey.com
Stephen P. Ellingson sellingson@hayesdavis.com

**Dated: January 25, 2008**                              **Richard W. Wieking, Clerk**

                                                     **By:   /s/ JW Chambers**
                                                          **Elizabeth Garcia**
                                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California