**United States District Court**
For the Northern District of California

1
2
3                                                          **\*E-FILED 4/4/08\***
4
5
6              IN THE UNITED STATES DISTRICT COURT
7            FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                        SAN JOSE DIVISION
9
ADVANTE INTERNATIONAL CORP. et al.,          NO. C 05-01022 JW (RS)
10
              Plaintiffs,                      **ORDER GRANTING MOTION**
11       v.                                    **FOR ATTORNEY FEES IN PART**
                                               **AND GRANTING MOTION FOR**
12   MINTEL LEARNING TECHNOLOGY, et al.,       **PROTECTIVE ORDER**
13
              Defendants.
14   _____/
15
16                          I. INTRODUCTION
17        Defendant Mintel Learning Technology brought a motion before the presiding judge in this
18   action seeking terminating and monetary sanctions.  The presiding judge concluded that to the extent
19   plaintiffs may have engaged in improper withholding or alteration of evidence, Mintel had not been
20   prejudiced beyond the costs it incurred in "pursuing and conducting" a forensic examination of
21   plaintiffs' computers. See Order entered November 29, 2007 at 5:3-5.  Accordingly, the presiding
22   judge concluded that Mintel could recover the "attorney fees and costs that they incurred in moving
23   to compel and conducting the disk inspection of Advante's servers" and the "fees and costs incurred
24   in bringing the  motion for terminati[ing] sanctions." *Id*. at 6:6-8.  The presiding judge directed
25   Mintel to notice its motion for such fees and costs before this Court, because the underlying
26   discovery disputes were heard here.
27        Mintel then filed the present motion claiming fees of $763,775.56 and costs of $77,791.55,
28   for a total of $841,561.11.  On reply, Mintel asserts that it incurred an additional $41, 846 in fees

                                        1

1    and costs, mostly in connection with bringing this motion.  Mintel agrees, however, to deduct

2    $1,649.31 from its claim for certain specific entries challenged by Advante.  Mintel's total claim

3    therefore, is for $944,901.82.  Mintel also seeks interest on that sum at 7% per annum from the date

4    of the presiding judge's order. Finally, Mintel seeks to compel Advante to pay $61,490.56 to the

5    neutral expert LEGC that conducted the disk inspection.

6          For the reasons set forth below, Mintel's motion will be granted in the amount of $105,000.

7    Advante will also be required to pay LEGC the sum of any outstanding invoices directly related to

8    conducting the disk inspection.  The motion will otherwise be denied.  Advante's motion for a

9    protective order, heard at the same time as Mintel's motion for attorney fees, will be granted.

10

11                                II. DISCUSSION

12        A. "Actual" fees or "reasonable" fees

13          As an initial matter, Mintel contends that it is entitled to recover the *actual* fees it incurred in

14   these matters without any court review as to whether those fees were *reasonable*.  In support of this

15   argument, Mintel points to the fact that the presiding judge's order found that Mintel is entitled to

16   recover the "fees and costs that they incurred," without any express limitation that the fees and costs

17   be reasonable.  Although the presiding judge's order may not have expressly included the word

18   "reasonable," neither did it expressly include the word "actual".  Under these circumstances, there is

19   no reason to assume that the presiding judge intended to depart from the usual rule that where fee

20   and cost shifting is warranted, only reasonable fees and costs may be charged to the opposing party.

21          Furthermore, even assuming Mintel was entitled to recover its actual fees resulting from

22   Advante's conduct, inquiry into whether the fees were incurred *as a proximate result* of the alleged

23   wrongdoing would remain appropriate.  To provide an extreme example, if Mintel's  lawyers

24   charged $100,000 for preparing a pleading that took only an hour to draft, Advante would have

25   every right to argue that the fees "actually incurred" by Mintel were the result of its lawyers'

26   overreaching, rather than a consequence of any conduct by Advante[1]  Thus, even assuming  the

27   _____

28          [1]  The Court does not suggest there is any evidence in the record of such overcharging by any
     counsel.

"reasonableness" of the fees incurred by Mintel was not at issue, the question of whether the fees were incurred as a proximate result of the alleged wrongdoing is largely indistinguishable from an inquiry into reasonableness.  Accordingly, it is appropriate to limit the fees awarded in this motion to those that are reasonable under the circumstances.

      B. <u>Scope of recoverable fees</u>.

      Mintel seeks to recover the fees it incurred with respect to all of the following:

1. Meet and confer regarding Mintel's original motion to compel in  May 2006.

2.  Bringing that motion to compel (which resulted in the denial of  Mintel's request for a disk inspection.)

3.  Mintel's Opposition to Advante's Motion to Quash a subpoena to Yahoo!

4. Reviewing  documents produced as a result of the Fenwick law firm's  internal inspection of Advante's disks.

5.  Mintel's Second Motion to Compel Further Discovery (which resulted in the order requiring a forensic examination of Advante's disks).

6. Meet and confer regarding a joint letter to the Court regarding the disk inspection procedure

7. Disk inspection efforts.

8. Mintel's Motion to Compel Production of emails from or to James Liu,

9. Mintel's "Motion to Compel Further Discovery from Cross-Defendants and Motion for Leave to Conduct Limited Third Party Discovery in Light of Documents Uncovered in the Disk Inspection."

10.  Mintel's motion for terminating and monetary sanctions..

11.  Miscellaneous expenses allegedly "caused by Advante's concealment and falsification of documents."

      Under the presiding judge's order, Mintel is only entitled to recover its fees incurred in connection with items numbers 5-7  (efforts related to obtaining and carrying out the disk inspection) and item  number 10 (efforts related to the motion for sanctions).

**United States District Court**
For the Northern District of California

C. <u>Specific claims</u>

*1. Second motion to compel*

Mintel incurred just over 100 hours in bringing the motion to compel that resulted in the Court-ordered disk inspection.  Mintel's counsel asserts that a "normal" discovery motion brought by any of the prominent Bay Area law firms in which he has practiced would ordinarily consume "60 to 200 lawyer hours."  Supplemental Li Decl., Doc. No 759 at 8:11.  Mintel also stresses that its opening and closing briefs were "full length."  Mintel's implication that its fees are reasonable because its attorneys drafted lengthy briefs is not persuasive.   Length of a brief  is not a reliable indicator of how much time reasonably was incurred in preparing it.[2]   Additionally, after having spent a remarkable 71 hours drafting the moving and reply briefs (putting aside the additional time spent in preparing declarations and in performing other miscellaneous tasks) counsel still spent "about 5 hours" preparing for oral argument.

The Court is familiar with the motion and the papers that were submitted in support of it, and the oral argument that ensued.  For purposes of fee-shifting, 50 hours represents a reasonable amount of time to incur in pursuing that motion, at a blended rate of $350 per hour[3], for a total of $17,500.

*2. Disk inspection*

Mintel's motion for attorney fees fails to identify with specificity the number of hours and dollars it contends were incurred in connection with arranging the protocol for, and carrying out, the disk inspection.  Upon review of the entire record, the Court concludes that 150 hours is a reasonable  amount of time to assign to the process of arranging for and carrying out the disk inspection, at the blended rate of $350, for a total of $52,500.[4]

---

[2]  A quotation variously attributed to Pascal, Mark Twain, and Samuel Johnson, among others, states, "I'm sorry this letter is so long, but I did not have time to make it shorter."

[3]  Various timekeepers billed at different rates ranging up to at least $450 per hour.  The Court finds that awarding fees based on a blended rate of $350 hour is reasonable under the circumstances.

[4]  Mintel appears to be claiming time it incurred in reviewing documents produced through the disk inspection.  There is no basis to claim as a sanction fees for time incurred in reviewing the very discovery responses that Mintel contends should have been produced in the first instance.  The

1

     3. *Sanctions motion*

2         Mintel contends it incurred slightly more than 300 hours in bringing its motion for

3 terminating sanctions.  Mintel again stresses the length of its briefing to support the number of

4 hours claimed, but again, length is a poor measure of reasonableness.  It is also relevant that the

5 presiding judge rejected the basic premise of the motion that terminating sanctions were warranted.

6 Under all of the circumstances, 75 hours represents a reasonable amount of time to incur in

7 pursuing that motion, at a blended rate of $350 per hour, for a total of  $26,250.

8         4. *This motion*

9         Mintel claims an additional sum in excess of $41,000 incurred largely in bringing this

10 motion.  Under all of the circumstances, 25 hours is a reasonable amount of time to assign to this

11 motion at a blended rate of $350 per hour, for a total of  $8750.

12

13         Accordingly, Mintel is hereby awarded the total sum of  $105,000.  Advante requests that it

14 be permitted to pay any award on a "reasonable payment schedule."  In the interests of justice, it is

15 hereby ordered that Advante shall pay the fees awarded in four equal installments of $26,250 each,

16 commencing on May 1, 2008 and continuing on the first of each month thereafter until paid.

17 Mintel's request for interest is denied.

18

19    D. <u>LECG fees</u>

20         Advante acknowledges that under the presiding judge's order entered November 29, 2007, it

21 is required to pay the fees charged by LECG for conducting the disk inspection.  As Advante points

22 out, however, LECG's invoices appear to include charges for matters specifically related to

23 Mintel's advocacy in this action, such as those incurred in preparing a declaration to support a

24 motion brought by Mintel.  In its reply brief, Mintel fails to address this issue at all, instead it

25 simply asserts that Advante should pay the full amount billed by LECG.  To the extent it has not

26

27
28
150 hours allowed herein is intended to compensate Mintel for the time it incurred above and beyond what would have been necessary had Advante complied with its discovery and evidence preservation obligations from the outset.

United States District Court

For the Northern District of California

1  already done so, Advante shall pay forthwith all amounts billed by LECG for conducting the disk

2  inspection.  Advante may deduct from its payment any amounts it can in good faith assert should be

3  the sole responsibility of Mintel.  In the event the parties dispute the amount of any such

4  deductions, they shall engage in face-to-face meet and confer negotiations to resolve the matter

5  prior to seeking further relief from the court.  In the event the parties are unable to resolve any such

6  disputes between themselves, Mintel may file a brief, not to exceed five pages, setting forth what

7  remains in controversy.  Within five court days thereafter, Advante may file a responsive brief, also

8  not to exceed five pages, and the matter will then be taken under submission without further

9  briefing or argument.

10

11          E.  Advante's motion for a protective order

12          In October of 2007, just over one year after the discovery cut off in this action, Mintel

13  issued a document subpoena to James Liu, a non-party.  Liu agreed to appear for deposition after

14  the discovery cut off, but never agreed to produce doucments.  Mintel's subpoena to Liu was

15  untimely and was not properly served absent an agreement between the parties or prior leave of

16  court.  The fact that Advante and Liu may have agreed that Liu would appear for deposition after

17  the discovery cut off does not somehow obligate Liu also to respond to a document subpoena

18  served long after the cut off.  Accordingly, the motion for a protective order is granted, and Liu

19  need not produce documents in response to the subpoena.

20

21                              III. CONCLUSION

22          Mintel's motion for attorney fees is granted in the amount of $105,000, to be paid according

23  to the schedule set forth above.  Advante's motion for a protective order is granted.

24

25  IT IS SO ORDERED.

26

27

28

**United States District Court**
For the Northern District of California

Dated: 4/4/08

_____
RICHARD SEEBORG
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Stephen P. Ellingson     sellingson@hayesdavis.com, abowman@hayesdavis.com

J. James Li     lij@gtlaw.com, atier@gtlaw.com, ervinl@gtlaw.com

Jamie A. Radack     jradack@hayesdavis.com, abowman@hayesdavis.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 4/4/08**                                      **Richard W. Wieking, Clerk**

                                                  **By:** _____**Chambers**_____

**United States District Court**
For the Northern District of California